## Getchell v. The Supervisors of Polk County.

51 107
95 23
51 107
107 653

1. **Taxation:** ASSESSMENT : POWERS OF SUPERVISORS. It is not competent for the board of supervisors, as a board of equalization, to make a correction of the assessment as between individuals, nor between different portions of the same district, but their powers are limited to securing uniformity between the several assessorial districts.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 26.

The board of supervisors of Polk county raised the assessment of Des Moines township ten per cent. The plaintiffs, who are the owners of a large amount of real estate in the township, appealed from the action of the board to the Circuit Court, by which the action of the board was reversed. From the judgment of the Circuit Court the defendants appeal.

*W. E. Miller,* for appellants.

*C. C. Cole* and *Curtis Bates,* for appellees.

ADAMS, J.—The townships of Des Moines and Lee, in Polk county, are both embraced within the city of Des Moines.

1. TAXATION: assessment: powers of supervisors.

The former lies upon the west side of the Des Moines river, and the latter upon the east. Both together constitute one assessorial district, and have but one assessor. Chapter 6, Acts of the Sixteenth General Assembly. The board of supervisors did not raise the assessment of Lee township. In raising the assessment of a part only of the city of Des Moines, to-wit: Des Moines township, it is claimed by appellees that the action of the board was illegal.

The board relies for its justification upon section 832 of the Code, which provides that the board of supervisors shall constitute a county board of equalization, and shall equalize the assessments of the several townships, cities and incorporated towns of their county. This would seem to confer the authority claimed, but for the fact that where a township is embraced with other territory within a city, and becomes thereby, in connection with other territory, a single assessorial district, the township as an assessorial district disappears, and can no longer be dealt with as such. This will appear more clearly by considering the true functions of the board of supervisors as an equalizing board. It is not their function to correct the various errors of assessors in the assessment of specific pieces of property, but a general error arising from their general estimate of all property or a class of property assessed by them. The board is to secure, as far as practicable, the same uniformity of estimate which might be expected if all the property in the county were assessed by one assessor. This is to be done, of course, not by changing specific assessments of an assessor, but his entire assessment of a given class or classes. His errors in specific assessments are to be rectified by the equalizing board of his assessorial district. After such equalization uniformity of estimate is supposed to have been secured as between the individuals of the districts, and it is then for the

board of supervisors to secure uniformity between the districts. If, afterward, there is a lack of uniformity between the counties in respect to real estate, the error is to be corrected by the State board.

In the case at bar the board of supervisors undertook to make a correction as between individuals. They judged that the property on the west side of the Des Moines river had been underestimated, as compared with the property on the east side. If there was such error it was the duty of the city council, as an equalizing board, to .correct it. There was no more propriety in the attempt of the board of supervisors to correct the error of the assessor in his estimate of the property on the west side of the river, than there would have been if that portion of the city had comprised only a half of a township, or a few hundred acres, instead of a whole township.

We think that the judgment of the Circuit Court must be

AFFIRMED.