## THE D. M. & M. R. Co. v. LOWRY.

1. **Taxation**: TAX DECLARED ILLEGAL: MANDAMUS. Where taxes to aid in the construction of a railway were voted in two or more townships in a county, in one of which, after a part of the taxes had been collected, the tax was declared illegal, it was *held* that the treasurer was not authorized to refund the taxes illegally collected out of the taxes lawfully collected from the other townships, and that *mandamus* would lie to compel him to pay the latter over to the company.

*Appeal from Polk Circuit Court.*

SATURDAY, JUNE 14.

MANDAMUS. Upon a trial on an agreed statement of facts plaintiff's petition was dismissed. It now appeals to this court. The facts of the case appear in the opinion.

*Barcroft & Given*, for appellant.

*W. E. Miller*, for appellee.

The D. M. & M. R. Co. v. Lowry.

BECK, CH. J.—I.  The petition alleges that the township of Madison, at an election held in October, 1870, voted a tax to aid in the construction of plaintiff's railroad, which has been built in accord with the conditions upon which the tax was voted, and that a large amount of taxes has been paid into the treasury of the county, and that plaintiff has presented to the county treasurer, who is made defendant, a proper certificate of the township trustees, showing the construction of the railroad, and has made proper demands for the money, etc., which entitle it to receive the amount of taxes in the hands of the treasurer.

*1. TAXATION: tax declared illegal: mandamus.*

The answer of defendant shows the collection  of the taxes, or part thereof, which is in his hands.   But, as a reason why he should not be required to pay the same over to the plaintiff, it is shown in the answer that defendant collected a tax, voted by the township of Lee, in Polk county, to aid the construction of plaintiff's railroad, and paid a large part thereof to plaintiff; but that, in a certain suit brought by citizens of Lee township, it was afterward determined that the tax of Lee township was illegal, and defendant was enjoined from making further collection thereof.   Thereupon the supervisors of the county, by resolution, directed the defendant not to pay plaintiff the taxes collected in Madison township, but to hold the same to answer for any claim made against the county for the repayment of the illegal taxes of Lee township.

The cause was submitted to the court upon the following agreed statement of facts.

"It is hereby stipulated that this cause may be submitted upon the pleadings, and following statement of facts:

"1.   An election of the voters of Madison township, Polk county, Iowa, was held on the 6th day of October, A. D. 1870, to vote upon the question of voting a tax of thirty mills on the dollar to aid in the construction of the line of railroad mentioned in the petition.

"2. A majority of the votes cast at said election were in favor of said tax.

"3. The trustees of the township certified compliance upon the part of the company with the statutes, etc., and that said company was entitled to the payment of the tax so voted.

"4. The name of the railroad company has been changed, as stated in said petition.

"5. The right of said company to the tax has been adjudicated by the Supreme Court of the State, and it is admitted that the plaintiff is entitled to the moneys paid in by tax payers in Madison and Crocker townships, and which have not been paid out under an agreement between the parties, unless the treasurer is entitled to hold them under the facts stated in said answer and admitted as follows:

"1. That the treasurer of said county collected upon taxes placed upon the tax duplicates of Lee township the sum of eleven thousand five hundred and thirty-five dollars and nine cents, and paid the same over to plaintiff upon its claim that the same had been legally assessed in aid of the construction of said road.

"2. That the Supreme Court has decided that said tax was not legally assessed, and it is admitted for the purpose of this case that there was not a majority of votes cast for such taxation, and that said assessment under which said sums were collected and paid was void and of no effect.

"3. It is admitted that the sum of ——— of said sum of eleven thousand five hundred and thirty-nine dollars and nine cents of the taxes collected upon the property in said Lee township was collected by the sale of real estate. The sum of $——— thereof was paid under special protest by the parties paying the same, at the time of payment, and the sum of $——— was paid without anything being said by way of protest, before or at the time of payment, by the parties paying the same. To save time and expense in the trial hereof it is agreed that if, by the decision of the court

herein, it becomes necessary to fill the blank sums herein-above, that this cause may be referred for that purpose.

"4. It is admitted that the treasurer has collected the several sums, and that he has disposed of and holds the same as set out in the answer of defendant herein.

"5. It is admitted that the board of supervisors passed the resolution as stated and set out in said answer.

"6. That said board of supervisors ordered the county auditor of said county to draw orders or warrants as in said answer stated.

"It is admitted that the funds in the hands of the treasurer from the taxes of said Madison and Crocker townships is not sufficient to refund the taxes collected by him upon said illegal assessment in said Lee township, and that the plaintiff is not entitled to the order asked in its petition if, upon the pleadings and admitted facts, the treasurer has a right to hold said taxes so collected by him upon the assessment in Madison and Crocker townships, to refund the illegal taxes collected by him upon the property in Lee township, and paid to plaintiff."

The tax in question was voted under chapter 102, Acts Thirteenth General Assembly, to aid in the construction of plaintiff's railroad. The county received the taxes not as revenue for any governmental purpose, but as a trust fund to be paid to plaintiff. The tax was voted on the condition that it be applied to the purpose, and no other, of building the railroad. The tax payers and the railroad company are both beneficiaries of the trust, and have rights which the courts will not permit the county or county officers to disregard. The voters have the right to require the taxes to be applied to the purpose of building the railroad.

It may be conceded, for our present purpose, that a tax of this kind, when declared illegal, must be refunded to the tax payers under Code, § 870. But it is very clear that such illegal tax cannot be refunded out of county revenue.

*Butler v. Board of Supervisors,* 46 Iowa, 326. It must be repaid, if at all, from the special fund created by the tax itself. We use this expression as applicable to the tax of each individual tax payer. It would be a violation of the trust imposed upon the county to apply the tax of one man, collected to aid in the building of the railroad, to repay the sum illegally collected from another tax payer. We conclude, therefore, that when taxes voted under the statute have been paid to the railroad company they cannot be refunded from money paid in by other tax payers. But it may be said that the railroad, having received taxes illegally collected, is liable therefor; that the taxes legally collected constituted a fund to which the railroad company is entitled, and, therefore, the treasurer is authorized to appropriate the money of the railroad company to discharge its obligation to persons paying illegal taxes. If, for the purpose of this case, we admit the premises of this proposition, the conclusion does not follow. The statute does not empower the county or the treasurer to enforce, in this way, the rights of the person paying illegal taxes. The railroad company has the right to be heard upon the question of its liabilities, and it may be that the tax payers, whose money it is proposed to appropriate to discharge the obligation of the railroad company, may have rights in the matter. We can readily conceive of a case when such a proceeding would defeat the purpose of the citizens in voting the taxes, by rendering the company bankrupt, and preventing the completion of the road. In such a case the law would not permit the taxes to be so diverted as to defeat the very purposes for which they were voted and paid. The rights and equities of these parties were not and could not have been determined and settled in this action. Until they are so settled that the law would authorize the money in the hands of the defendant to be appropriated to the payment of the taxes illegally collected, the plaintiff has the right to the money collected in Madison township. The record before us, in our opinion, does not disclose facts which defeat that right. We conclude, there--

fore, that the judgment of the court below, dismissing plain-
tiff's petition, is erroneous, and must be

REVERSED.