Dickey v. The County of Polk.

AFFIRMED.

DICKEY v. THE COUNTY OF POLK.

1. **Taxes:** ILLEGAL INCREASE OF. The action of the board of supervisors in increasing the assessment of property, being illegal, conferred no authority upon the treasurer to collect the increased amount added to the taxes by such action, and such taxes were erroneous and illegal.

2. ———: ERRONEOUS: ACTION TO RECOVER. Where erroneous and illegal taxes, which could not have been lawfully enforced, have been paid by the tax payer, he may maintain an action under section 870 of the Code, to recover the same; and his failure to pursue other remedies to defeat the collection will not constitute a waiver of his right of recovery.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 22.

ACTION to recover certain taxes alleged to have been illegally collected and paid into the treasury of the defendant. The cause was submitted to the court without a jury, upon an agreed statement of facts, and a judgment was rendered for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*C. C. Cole*, for appellant.

*Nourse & Kauffman*, for appellee.

BECK, J.—I. The following are the controlling facts of the case as they are established by the agreed statement upon which the case is submitted for our determination:

1.   Two civil townships are within the corporate limits of the city of Des Moines, Lee township on the east, and Des Moines on the west of the Des Moines river.

2.   The assessor, elected by the votes of the city, assessed the property within its corporate limits, and his assessment, after being duly equalized as required by law by the city council, acting as a board of equalization, was lodged with the auditor of the county.

3.   Thereupon the supervisors of the county, acting as a county board of equalization, raised the assessment upon the property of Des Moines township, by adding ten per centum to the valuation of the property of each tax payer of that township, and the tax books placed in the hands of the treasurer required the collection of taxes upon all property of that township, increased at the rate of assessment made by the supervisors.

4.   The county treasurer did demand and exact from plaintiff and other tax payers, who have assigned to him their claims against the county, the taxes computed according to the increased assessment made by the supervisors, and the taxes so computed were paid by plaintiff and his assignors.

5.   The taxes paid by plaintiff and his assignors were, before the commencement of this suit, paid over to the several funds and purposes for which they were levied and collected, except ten per centum of a certain railroad tax was retained " to meet the possible contingency of a refund being ordered."

The plaintiff, upon these facts, prosecutes this action to recover the taxes paid by him and his assignors, in excess of the

Dickey v. The County of Polk.

amount resulting from a computation based upon the assessment before it was raised by the supervisors.

II. This court has decided that the supervisors of the county had no authority to change the assessment of property 1. TAXES: ille- situated in Des Moines township by adding gal increase of. thereto, as shown in the statement of facts. See Getchell v. Board of Supervisors of Polk County, 51 Iowa, 107. The proceedings held invalid in that case are the same of which plaintiff complains in this. The action of the supervisors, being illegal, conferred no authority upon the treasurer to collect the increased amount or sums added to the taxes by such action.

III. Code, § 870, provides that "the board of supervisors shall direct the treasurer to refund to the tax payer, any tax or any portion of a tax, found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon. Under this provision an action may be prosecuted against the county upon its refusal to repay illegal taxes collected by the county treasurer. See cases cited in Miller's Code and McClain's Statutes, under this section.

IV. It cannot be doubted that an action under this provision will lie in a case wherein the supervisors are required 2. ——: erro- to direct the treasurer to refund to the tax payer neous: action to recover. taxes paid by him. This duty is imposed upon the supervisors where the taxes have been, in the language of the statute, "erroneously or illegally exacted or paid." This expression is in the most simple language and to our minds its meaning is obvious. It is this: whenever, through errors or illegal proceedings, the tax payer is not legally bound to pay the taxes, their exaction by the treasurer or payment by the tax payer, is erroneous or illegal. In other words, if the law does not require the payment of the taxes for any reasons based upon irregularities connected with their assessment or levy, their exaction by the treasurer is illegal. It follows that if the tax payer, by proper proceedings, could have resisted the collection of the taxes and caused

them to have been set aside, their collection by the treasurer is erroneous and illegal.

If a tax payer by failing to pursue a remedy for the correction of irregularities in the assessment and levy of taxes, waives or loses his right to resist the collection of the taxes, the exaction of payment by the treasurer is not illegal or erroneous. The irregularities having been waived, the assessment stands upon the tax books to be lawfully exacted and their collection enforced by the treasurer. In that case it could not be found that they were " erroneously or illegally exacted or paid." Thus an assessment which, for certain reasons, is held to be erroneous, must be corrected upon application to the board of equalization; if that remedy is not pursued the tax may be collected. *Macklot v. City of Davenport*, 17 Iowa, 379. In case of erroneous assessment which is to be corrected by the board of equalization, no action will lie. But when the error or illegality which invalidates a tax is found in the action of such board itself, or in the want of authority to levy the tax or to make the assessment, whereby the tax is not a lawful charge against the tax payer, his remedy is not confined to proceedings before the board of equalization. See cases cited in Miller's Code and McClain's Statutes, in notes to section 870.

In the case before us the increase or addition to the assessment of plaintiff's property was done without authority. The additional taxes thus levied are illegal. *Getchell v. The Supervisors of Polk County*, 51 Iowa 107. Under Code, section 870, if payment of such taxes be exacted recovery may be had in an action against the county.

Before payment of the illegal taxes the law secures other remedies to the tax payer. He may appeal from the action of the court of equlization, as in *Getchell v. Supervisors, supra*, and *Ingersoll v. DesMoines*, 46 Iowa, 553, or·he may invoke the aid of a writ of *certiorari*, as in *Royce v. Jenney et al.*, 50 Iowa, 676. But he could gain no relief by these remedies after payment of the taxes. They are intended to protect

him from the enforcement of the taxes by collection. When the taxes have been paid his only remedy is by action to recover them back. His failure to pursue remedies to arrest the collection of the taxes, does not waive or forfeit his right to bring such an action. The obvious purpose of Code, section 870, is to give a remedy by action to recover for taxes paid which the tax payer could not have been compelled to pay.

The supervisors in adding to the assessment of the property of DesMoines township acted without authority, and, if the expression be correct, in excess of their jurisdiction. See *Getchell v. Supervisors, supra.* But we think that little light is thrown upon the case by inquiring whether their act was erroneous or beyond their jurisdiction. The argument of counsel for the defendant upon this point is acute and forcibly presented. If his position be maintained, our conclusion would not be different. It is sufficient for us to know that the tax in question, as to the amount arising upon the increased assessment, is unlawful; that its collection could not have been lawfully enforced against plaintiff; that it was therefore "erroneously and illegally exacted and paid;" and that in such cases the law provides for an action by the tax payer to recover the amount he has been unlawfully required to pay. Code, § 870.

V. The taxes in question included levies for bridges, for water rent, for sewers and for aid to a railroad. These taxes had been appropriated to the several purposes for which they were levied, except that ten per cent of the railroad tax "had been retained to meet the possible contingeney of a refund being ordered."

It is insisted by counsel for defendant that under *Stone v. The County of Woodbury*, 51 Iowa, 522, recovery cannot be had for these special taxes. The taxes in question in that case were township road taxes, which are levied and disbursed by the townships. The county is charged with their collection, if not paid by the tax payer to the proper town

ship officer, and when collected they are paid to the township clerk. They are township taxes.

Bridge taxes are to be collected and disbursed by the county and constitute a part of the county funds to be expended, it is true, for a special purpose. They are, therefore, not within the rule of the case cited. See *Lauman v. The County of DesMoines*, 29 Iowa, 310.

The record does not disclose the facts connected with the water rent and sewer taxes. We presume they were a part of the city taxes, as "city general and city bond interest" are named among the items of taxes. No objections are made to these taxes, nor were exceptions taken to the judgment for the particular taxes under consideration. We cannot, therefore, disturb the judgment on account of these taxes.

Railroad taxes, when disbursed, cannot be recovered from the county. See *D. M. & M. R. R. Co. v. Lowry*, 51 Iowa, 486. But it is shown that there remains a sufficient amount in the treasury to refund to plaintiff the sum he is entiled to recover from that fund.

We have considered all points in the case presented in the arguments and reach the conclusion that the judgment of the Circuit Court ought to be

AFFIRMED.