## CAMPBELL V. MINNEHAHA NAT. BANK OF SIOUX FALLS.

Laws 1897, c. 28, § 42, requires the county auditor to transmit, for the use of the state board of equalization, an abstract of the assessment lists, wherein the property listed is grouped into 13 distinct classes, one of which is "the total value of stocks or shares." Section 45 authorizes the board to consider the lands and town lots of a county as a single class, although grouped separately in the auditor's abstract, and the board is further authorized to "equalize the assessment of personal property by adding to the aggregate assessed value of any class of personal property of every county in which they believe such valuation is too low such rate per centum as will raise the same to its proper proportionate value and by deducting from the aggregate assessed value of any class of personal property, in every county in which said board may believe the valuation to be too high, such per centum as will reduce the same to its proper proportionate value." Section 44 requires the board to examine carefully the abstracts, and, by comparison of the like classes of property, ascertain a true proportionate value of all the property in the state. *Held,* that the board is not authorized to divide the property classified as "the total value of stock and shares," and raise the valuation of bank stock, without increasing that of other stocks and shares.

(Opinion filed July 6, 1898.)

Appeal from circuit court, Minnehaha county.   Hon. J. W. JONES, Judge.

Action by B. F. Campbell against the Minnehaha National Bank of Sioux Falls to recover dividends upon certain bank stock.   From an order sustaining a demurrer to the complaint, plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Aikens & Judge*, for appellant.

*Bailey & Voorhees*, for respondent.

FULLER, J.   Plaintiff, the owner of 15 $100 shares of the defendant's bank stock, seeks to recover dividends amounting to $15 declared thereon, which the defendant pursuant to statute, insists upon retaining until plaintiff has fully paid all the taxes levied upon such stock for the year 1897.   The validity of certain proceedings by the state board of equalization with reference to plaintiff's shares is the only point presented by this appeal, which was taken from an order sustaining a general demurrer to a complaint in which the material facts are properly averred.   For the year 1897 the legally authorized taxing officers of the city of Sioux Falls and the county of Minnehaha assessed appellant's shares regularly at $390, and duly equalized and returned the same at $330, which was something more than their cash value.   "That upon the first Monday of August, 1897, the state board of eqalization of the state of South Dakota increased the assessment of bank stocks throughout said Minnehaha county by adding thereto 80 per cent. of the assessed value thereof, as shown by the returns made by the auditor of the said Minnehaha county, and did not make any material change in the assessed value of other shares and

stocks, and of other classes of personal property, within the state of South Dakota. or within said Minnehaha county, but assessed bank stocks throughout the entire state at 60 per cent. of the par value thereof, regardless of the actual value thereof." By this method the valuation of appellant's 15 shares of stock was increased from $330 to $594, upon which a tax of 45 mills was levied, aggregating $26.78, instead of $14.85. the amount assessable at the same rate upon $330, the previously equalized valuation. Before the commencement of this action appellant duly tendered to the county treasurer $14.85, as payment of said taxes in full, and, upon the refusal of said officer to thus accept the same, a deposit thereof was made to his credit in a bank of good repute.

By section 42, c. 28, laws 1897, it is made the duty of the county auditor to adjust and correct assessment lists to conform to changes made by the county board of equalization, and make duplicate abstracts thereof, one of which is to be filed in his office, and the other transmitted to the state auditor, on or before the fourth Monday of July following each county equalization, for the use of the state board of equalization, which meets at the seat of government on the first Monday of August in each year. This section provides a general outline as to the substance of such abstract, and the property, real and personal, therein mentioned, is divided into 13 separate and distinct classes, the first two and the last of which are, respectively: "(1) The whole number of acres of land listed in the county and the total value thereof. (2) The total valuation of town lots. * * (13) The total value of stocks or shares;" and, in addition to the property thus specified, the classification, and the section concludes with the following generality:

·"The total value of all other personalty, not enumerated under the foregoing heads, and the number of polls."

It is contended by counsel for appellant that these abstracts sent by county auditors to the state auditor constitute the only basis for the action of the state board; that the classification of property therein contained must be strictly adhered to; and that said board is without authority to divide the class, and raise the assessment of bank stock, without increasing the assessment upon "other stocks or shares."

The jurisdiction of the board being special, acts not authorized by the express terms of the statute are without validity. 1 Desty, Tax'n. 498. Section 45, c, 28, laws 1897, provides the following method, which the state board must substantially pursue: If the aggregate assessed valuation of the land in any county appears too low when considered with other counties of the state, as shown by the abstracts furnished as above indicated, the board shall equalize such assessment by adding thereto "such rate per centum as will raise the same to its proper proportionate value and by deducting from the aggregate assessed value thereof, in every county in which said board may believe the valuation to be too high, such per centum as will reduce the same to its proper (proportionate) value." For the purpose of equalization, it is expressly provided that the board may, at its option, consider the land and town lots of a county as a single class, and no other departure from the classification made by the county auditor pursuant to section 42 seems allowable. Said board has the power and shall "equalize the assessment of personal property by adding to the aggregate assessed value of any class of personal property of every county in which they believe such valuation to be too low

such rate per per centum as will raise the same to its proper proportionate value and by deducting from the aggregate assessed value of any class of personal property, in every county in which said board may believe the valuation to be too high, such per centum as will reduce the same to its proper proportionate value." Section 44 requires the board to examine carefully the abstracts returned from the different counties, and by the comparison of like classes of property, ascertain a true and proportionate value of all the property in the state; but the aggregate assessed valuation thereof cannot be reduced under any circumstances, nor increased beyond what is reasonably necessary to obtain an equitable equalization of the several classes, so that all the taxable property of the state shall bear, without any discrimination as to character, its proportinate share of the burden.

It is clear from the foregoing and kindred provisions of chapter 28, which, taken together, constitute a complete system of taxation, that for the purpose of equalizing values, the state board is limited to the corrected abstracts returned by county auditors, and must accept as the unit of computation the classification therein contained, compare each class, respectively, with others of a like class, and is without power to divide a class for the sole purpose of increasing the assessment of a part thereof, leaving the valuation of like property in the same class unchanged. It was certainly without warrant of law, unjust, and equivalent to an individual assessment, for the board, as alleged in the complaint, to select the item "bank stock" from its class, which included all kinds of "stocks or shares," and assess the same "throughout the entire state at 60 per cent of the par value thereof, regardless of the actual value." In con-

struing a similar statute, the supreme court of Oregon say: "The state board of equalization is bound by the classification of property, for the purposes of assessment and taxation, made by law, and appearing upon the assessment rolls. It has not authority to change the assessment rolls or the classification of property as indicated thereon. The only power it has over the rolls is to ascertain if the valuation of the several classes of property, in one county, bears a just relation to the valuation of like classes in the other counties; and, if it does not, the board can increase or diminish the aggregate valuations." Railroad Co. v. Croisan, 30 Pac. 219. The county boards of equalization have secured uniformity, as near as may be, between individual property owners; the legislature has separated into classes the various kinds of taxable property; and the power of the state board is fully exercised when it has equalized all the property in the state by securing a proportionate valuation of these classes between the several counties, so that the same shall be uniformly and relatively right, Getchell v. Supervisors (Iowa) 50 N. W. 574; People v. Lothrop, 3 Colo. 428; Orr v. Board of Equalization (Idaho) 28 Pac. 416. "To obtain a just and true value and equalization of all the property in the state" is the only purpose for which the aggregate assessed valuation, as shown by the abstracts of the several counties, can be increased by the state board of equalization. As disclosed by the record, the action of which appellant complains was not for the purpose above indicated, but rather to increase the aggregate revenue of the state, by placing an unauthorized burden upon a single item of a class composed of all kinds of stocks and shares lawfully made the subject of taxation. The order appealed from is reversed, and the cause remanded for further proceedings.

HANEY, J. It is clear that the abstracts or returns required to be forwarded by county auditors to the state auditor, and upon which the state board of equalization is required to act, should conform to section 42, c. 28, Laws 1897. If county auditors comply with the plain requirements of the law, the state board can have before it no other classification of property than that provided for in that section. It, therefore, seems clear that the legislature intended to make one classification for county boards and a different one for the state board of equalization. The latter board is bound by the classification made by the law, and cannot make classes of its own, nor can it subdivide any class for the purposes of equalization. It seems clear to me that the word "class" as used in section 45, relates to the items mentioned in section 42, and not to those mentioned in section 16, because, as has been shown, the items or classes provided for in section 42, and not those in section 16, are, or should be, before the state board. In section 16 bank stock constitutes one item or class; stock other than bank stock constitutes a distinct and separate item, while in section 42 all stocks are included in one item or class. If the state board, in effect subdivided the class, which according to section 42, in cludes all stocks, and dealt with bank stock as a separate class, its action was unauthorized, and, so far as it affects plaintiff's stock, cannot be sustained. For these reasons I concur in the conclusion that the order of the circuit court should be re versed.

CORSON, P. J., concurs in the result.