EMMA W. WHISENAND, Plaintiff, Appellant, v. J. W. VAN CLARK et al., Defendant, Appellee.

No. 44975.

DECEMBER 12, 1939.

REHEARING DENIED APRIL 5, 1940.

C. A. Robbins, for appellant.

M. D. Hall, for appellee J. W. Van Clark.

J. Berkley Wilson, County Attorney, for appellees A. H. Traub, County Auditor, I. W. Keen, County Treasurer, et al.

STIGER, J.—In 1919, J. M. Hall was the owner of four tracts of land in Section 34, Township 77, Range 24, Warren county, Iowa, which at that time was mortgaged to the Central Trust Company. The mortgage was assigned to plaintiff who foreclosed and obtained sheriff's deed in 1927. The record does not show the date of the assignment.

During the years 1919, 1920 and 1921 the board of supervisors of Warren county established a drainage improvement known as Drainage District No. 6 under 30 General Assembly chapter 68, sections 1989-a1 to 1989-a60, 1913 Supplement. The board levied the assessment with the provision that if an owner waived objections of illegality or irregularity as to the assessments the taxes could be paid in three annual installments under the provisions of section 1989-a12. Subsequently, the board, on May 5, 1922, without notice, passed a resolution finding the assessment was too great to be paid in one year and ordered the assessment to be paid in seven annual installments commencing in 1926.

In December, 1925, the land was sold to defendant, J. W.

Van Clark, who will be referred to herein as defendant, for general taxes and for delinquent interest on three installments of the drainage tax. Appellant redeemed from these sales in 1928.

In 1928, appellant's land was again sold for general taxes and unpaid assessments to defendant and appellant again redeemed in 1931. The redemption made by appellant completed payments of all installments and interest except the last installment due in 1932.

On January 4, 1937, the North ¾ of NW¼ SE¼, the North ¾ of NE¼ SW¼, the SE¼ NW¼, all in said Section 34, were sold for the last installment due on the assessment to defendant who received the certificates of sale which appellant seeks to cancel in this proceeding.

I. Appellant claims the drainage district was not legally established because (a) notice of the proceedings was not given as required by law, (b) no proper proof of service of notice was filed, or recorded, as required by law.

Section 1989-a3 provided that when the engineer's plan for a drainage district had been finally adopted by the board of supervisors, the auditor shall cause notice to be given to the owner of each tract of land within the proposed district, and to each lien holder of any land through which or abutting upon which the proposed improvement extends, of the pendency of the petition to establish the district.

The statute required notice to be served by publication once each week for two consecutive weeks, the last publication to be not less than 20 days prior to the day set for hearing upon the petition, proof of service to be made by affidavit of the publisher.

Section 1989-a42 requires the county auditor to keep a book known as the Drainage Record and to record therein all of the drainage proceedings. Defendant offered in evidence certain pages of the Drainage Record which contained the notice of the improvement containing all of the statutory requirements and the affidavit of the publisher of the notice showing publication of the notice once each week for two consecutive weeks over 20 days prior to the date fixed for the hearing on the petition. Appellant objected to the offer of this evidence as incompetent, irrelevant and immaterial and *no proof of service or publica-*

*tion on file* and further objected to the offer on the ground that "plaintiff's title is based on the mortgage given by the title holder, J. M. Hall, to the Central Trust Company of Des Moines, Iowa, and the notice offered so far as lien holders are concerned contains the name of the Central Trust Company instead of the Central Trust Company of Des Moines, Iowa, and is not sufficient to confer jurisdiction as against the holder of the mortgage."

Appellant's claim that there was "no proof of service or publication on file" is not sustained by the record and as the proposed ditch did not extend through or abut upon the land on which the Central Trust Company of Des Moines held its mortgage, the failure to give the correct name of the trust company was not a jurisdictional defect. The notice to owners included J. M. Hall and actual occupants. Appellant's objection to this evidence cannot be sustained.

II. Section 1989-a12 requires the auditor, after the commissioners have filed their reports of the classification of lands, to serve notice upon each owner and actual occupants of land included in the district in the time and manner provided for the establishment of the district.

The affidavit of publication of the notice was sworn to by the publisher of the newspaper before the clerk of the district court of Warren county. Appellant complains that there is "no indication that the seal of the clerk was attached. This does not comply with the law", and therefore, the proceedings to apportion benefits and assess costs were void.

The jurat reads "sworn to and subscribed by Seth F. Shenton [the publisher] in my presence this 30th day of July, A. D., 1921. A. R. Smith, Clerk of the District Court." Section 1215, subsection 3, 1935 Code (section 393, 1897 Code) which authorizes a clerk of the district court to administer oaths, does not require that the seal of the court of which he is the clerk be attached. Ames Evening Times v. Ames Weekly Tribune, 183 Iowa 1188, 168 N. W. 106. However, the statute did not require proof of service of notice of the assessment to be made by affidavit. In addition to the Drainage Record which set out the notice and affidavit, defendant introduced issues of the Indianola Herald showing two successive publications of the notice of assessment which contained all of the statutory requirements.

The notice and proof of service of notice were sufficient and gave the board jurisdiction to make the assessment.

III. Another proposition relied on for reversal is that because the board failed to follow the plan fixed by statute for assessing benefits, the assessment was void. Code, 1913 Supplement, section 1989-a12 provides for a graduated scale of benefits and that "In making the said estimate the lands receiving the greatest benefit shall be marked on scale of one hundred and those benefited ·in less degree shall be marked with such percentage of one hundred as the benefit received bears in proportion thereto." In the report of the commissioners it appears that land receiving the greatest benefit on a scale of 100 was assessed at $24 per acre. The report shows, for illustration, that one of the tracts belonging to James M. Hall consisting. of 40 acres was classified at 47 per cent. Apparently, to arrive at the amount of the assessment, the board, instead of multiplying the figure 24 ($24 per acre) by 47, multiplied the number of acres by 47 and this product of 18.80 acres was multiplied by $24 per acre, making an assessment of $451.20. The same result would have been reached if the board had multiplied 24 by 47 which equals $11.28 per acre and multiplied this sum by 40, which makes the assessment $451.20. Appellant claims that the method used by the board in determining the amount of the assessment violated the statute; that the board assessed only 18.80 acres at $24 an acre instead of assessing 40 acres at $11.28 per acre which resulted in eliminating from the drainage district all of the land in this 40 acres over and above the 18.80 acres; that this plan cut down the acreage for the district instead of cutting down the benefits as directed by the statute, and the assessment was void. No objection to the assessment was made to the board. The method adopted by the board for computing the assessment was an illegality or irregularity only and no damage resulted to the owner. The error was not a jurisdictional defect and objections to irregularities should have been made to the board and, if overruled, the statute provided for an appeal to the district court. The board had, jurisdiction to make the assessments and irregularities or illegalities in the proceedings could not be reviewed in a collateral action, appeal being the exclusive remedy. Code [1913 Supplement], section 1989-a46; Hoyt v. Brown, 153 Iowa 324, 133

N. W. 905; Kelly v. Drainage District, 158 Iowa 735, 138 N. W. 841; Simpson v. Board of Supervisors, 180 Iowa 1330, 162 N. W. 824.

IV. Appellant urges that the court erred in not holding that the lien of the drainage assessments was extinguished by the tax sales for general taxes in 1925 and 1928 to defendant. On December 31, 1938, the trial court filed its ruling and dismissed appellant's petition. On January 13, 1939, after final judgment of dismissal had been entered, appellant, without leave of the court, filed a motion to modify the decree. On February 24, 1939, appellant filed a second motion to modify in which amendment appellant presented for the first time her contention that the lien of the assessments was extinguished by the tax sale for ordinary taxes. The trial court made a supplemental ruling refusing to modify the decree. With reference to this alleged error, the court stated:

"The case was fully argued orally and by written briefs, and never in petition or any amendment or by any argument on the original submission was any question raised as to there being no right to sell at the sale of which complaint is made because of the prior sale. * * * In the petition and amendments many claims are urged and many grounds of invalidity set out, but this claim was not made until this hearing on the motion to modify, and then in the second amendment. No pleading is yet on file attacking the sale for this reason. The Court tries and determines a case upon the issues, on the pleadings as they are on file, and after a case is tried and submitted advantage cannot be taken of matters not plead, at least without the filing of a pleading raising such questions."

The appellant having failed to make a timely submission of this proposition in the court below, it will not be considered on appeal.

V. Another contention is that proceedings to enforce the assessments against appellant's lands were barred at the end of 5 years from and after October 7, 1921, at which time the board adopted the plan and levied the assessments, and said assessments were not liens at the time of the sale in January, 1937.

Section 1989-a45 [1913 Supplement] (section 7478, 1935 Code) reads:

"Sec. 1989-a45. Tax lien upon premises. The tax provided for in this act, when levied, shall be a lien upon all premises upon which the same is assessed to the same extent and in the same manner as taxes levied for county and state purposes."

Section 11007, subsection 5, 1935 Code (section 3447, subsection 6, 1913 Supplement), is as follows:

"5. Unwritten contracts—injuries to property—fraud—other actions. Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years."

A sale of land for taxes is not an action barred by this statute of limitation.

In Fisk v. City of Keokuk, 144 Iowa 187, 193, 122 N. W. 896, 898, the court states:

"There seems to be no statute limiting the time wherein property in the city of Keokuk may be sold for taxes or special assessments, and as such sales are not actions or suits the general statutes of limitation do not apply."

We find no statute limiting the duration of the lien of such taxes or the time wherein payment may be enforced.

■ VI. Appellant further urges that the special assessment on her lands was excessive, discriminatory and void because the North ¾ of the NW¼ of the SE¼, a tract of 30 acres, was erroneously assessed as a tract of 39.25 acres. The board had jurisdiction to assess the said described parcel of land. The error in computing the assessment on the North ¾ of the NW¼ of the SE¼ on the basis of 39.25 acres clearly appeared in the drainage proceedings. No appeal was taken from the assessment. The error did not, as contended by appellant, render the assessment void but was an irregularity that cannot be reviewed in a collateral proceeding. In the case of Hoyt v. Brown, 153 Iowa 324, 330, 133 N. W. 905, 907, the court states:

"The plaintiff has chosen to assail the [drainage] proceedings, not by appeal, but by this independent action. In such an action she can not have the benefit of a mere review of the regularity of the proceedings. She can only prevail by showing want of jurisdiction. The statute especially provides that the remedy by appeal shall be exclusive, and we have held repeatedly that in no other way can relief be had against mere error and irregularity in the proceedings."

VII. On October 7, 1921, after notice was given of the report of the commissioners, the board confirmed the report and levied and assessed against the several parcels of land the amounts apportioned and determined by the board. The order provided that upon waiver of any illegality in the assessment that payments could be made in three installments under the provision of section 1989-a12. It further provided that as to assessments to which waivers were not signed, bonds should be issued due in 10 years payable one seventh thereof on the 4th year and one seventh each year thereafter until paid.

On May 25, 1922, the board on resolution, without notice, found that the amount of the entire assessment was greater than should be collected in a single year and ordered the assessments paid in seven installments beginning in 1926. Appellant contends that the change in the method of payment rendered the assessment void. The statutes then in force provided for annual installment payments for 3 years or 10 years. There was no provision for payment in seven installments.

The board had jurisdiction to make the assessment and the change in the method of payment was not a jurisdictional defect but a voidable act not subject to collateral attack.

Neither Hall nor appellant filed the statutory waiver that would permit them to pay in installments and there was nothing in the statutes or the drainage proceedings that would prevent them from paying the assessments in a lump sum. Furthermore, appellant, with knowledge of the drainage proceedings, redeemed the land from sale and drainage assessments in 1928 and in 1931. By redemption, she paid all drainage taxes due except the 1932 installment. Her land was sold in 1937 for the last installment due in 1932. She was aware of the drainage tax on her land for a period of at least 10 years prior to the commencement of this action in 1938.

We are of the opinion that appellant, by redeeming from the taxes, and acquiescing in said proceedings during said years during which her land received all the benefits of the improvement, is estopped from questioning the establishment of the district.

In the case of Thompson v. Mitchell, 133 Iowa 527, on page 529, 110 N. W. 901, on page 902, the court states:

"The appellant did have formal notice of this proceeding. Moreover, he lived in the vicinity, and, it is alleged, had knowledge of the construction of the ditch from its inception until its conclusion. It is also alleged that, as a subcontractor, he assisted in the construction of the ditch and received compensation for his services. He has paid installments of taxes for this improvement without objection, and not until nine years after the levy of the tax, and after the greater part of the assessment had been collected from himself and other landowners, did he take any steps to protest against or enjoin the enforcement of the tax. Under these circumstances, we think that he is in no situation to come into a court of equity and claim that he should be relieved from the obligation to pay the installments of tax yet remaining uncollected." See also Lincoln v. Moore, 196 Iowa 152, 194 N. W. 299.

The case is affirmed.—Affirmed.

OLIVER, C. J., and MITCHELL, BLISS, SAGER, MILLER, and HAMILTON, JJ., concur.