EMMA WHISENAND, Appellant, v. BERT NUTT et al., Appellees.

No. 46505.

SEPTEMBER 19, 1944.

REHEARING DENIED NOVEMBER 17, 1944.

L. M. Grimes, H. Pierce Witmer, and C. S. Missildine, all of Des Moines, for appellant.

Dale Ewalt, of Indianola, for appellees.

MULRONEY, J.—Plaintiff sought a writ of mandamus requiring defendants the Warren County Board of Supervisors to direct the Treasurer to refund certain drainage taxes which she alleged were illegally and erroneously exacted from her. Her petition alleges that J. M. Hall was the owner of certain land located in a drainage district at the time of its establishment prior to 1921. At the time plaintiff owned a mortgage on this land and she acquired title to the land by foreclosure in 1927. The petition stated that the records with respect to the establishment of the district and the assessments of the benefits against the respective tracts in the district show that the assessing body assessed the particular tract in question on the basis of thirty-nine and one-half acres, when in fact only twenty-nine and one-half acres were owned by Hall, the other ten acres being owned by the Rock Island Railway Company and which ten acres were assessed in the name of the Rock Island Railway Company. The land was sold by the County Treasurer for nonpayment of the seventh (and last) installment of the drainage tax and plaintiff, to prevent tax deed, redeemed from this sale in May 1940, by paying to the County Auditor $532.95. Plaintiff alleged all benefits to her land were more than paid prior to the May 1940 tax payment and she sought refund of this payment with interest, together with $77, the excess paid prior to said sale.

Defendants moved to dismiss the petition on the grounds

that it showed plaintiff was not the owner of the premises involved, at the time the assessment was levied, and had not appealed from the assessment, and "That all of the matters complained of in plaintiff's petition were also involved in the case of Whisenand v. Van Clark [227 Iowa 800, 288 N. W. 915], and all of said issues were heard, tried and determined by the court and the decision rendered thereon was affirmed."

The trial court felt plaintiff was not entitled to the relief demanded, largely because of our holding in Whisenand v. Van Clark, 227 Iowa 800, 288 N. W. 915, and dismissed the petition.

Defendants cite but one case, namely Whisenand v. Van Clark, supra, and argue that our holding in that case is "res adjudicata as to all the issues raised in the present appeal" by the plaintiff. In Whisenand v. Van Clark the same plaintiff as here brought an action to quiet title to this real estate against the same Board of Supervisors and Van Clark, the holder of the tax-sale certificate. That action was a quieting-title action and an action to restrain the collection of the drainage tax, which is the subject of this refund action, and an attack against the drainage assessment based on failure to give proper notice of the drainage proceedings.

In Division VI of that opinion we dealt with plaintiff's contention, similar to the one here made, in the following language [227 Iowa 806, 288 N. W. 919]:

"Appellant further urges that the special assessment on her lands was excessive, discriminatory and void because the North ¾ of the NW¼ of the SE¼, a tract of 30 acres, was erroneously assessed as a tract of 39.25 acres. The board had jurisdiction to assess the said described parcel of land. The error in computing the assessment on the North ¾ of the NW¼ of the SE¼ on the basis of 39.25 acres clearly appeared in the drainage proceedings. No appeal was taken from the assessment. The error did not, as contended by appellant, render the assessment void but was an irregularity that cannot be reviewed in a collateral proceeding. In the case of Hoyt v. Brown, 153 Iowa 324, 330, 133 N. W. 905, 907, the court states: 'The plaintiff has chosen to assail the [drainage] proceedings, not by appeal, but by this independent action. In such an action she

can not have the benefit of a mere review of the regularity of the proceedings. She can only prevail by showing want of jurisdiction. The statute especially provides that the remedy by appeal shall be exclusive, and we have held repeatedly that in no other way can relief be had against mere error and irregularity in the proceedings.' "

 I. It would seem that plaintiff's right to recover would be barred because there was no appeal from the assessment as made. In chapter 353, Code of 1939, provision is made for appeal to the district court by "any person aggrieved" (section 7513). Succeeding sections provide for the time and manner of the appeals, the parties, and the manner of trial and other matters germane to such appeals, and they are followed by section 7527, which provides, in part:

"The remedy by appeal provided for in this chapter shall be exclusive of all other remedies."

In Petersen v. Sorensen, 192 Iowa 471, 479, 185 N. W. 42, 45, where the taxpayer sought to enjoin the collection of drainage taxes, we announced the rule:

"If an improper classification were adopted, or if lands properly assessable were omitted from the levy, or if the assessment was not according to benefits, or for other reasons was inequitable, the remedy by appeal was sufficient and exclusive. This remedy having been provided, it must be followed. If the board of supervisors acquired jurisdiction to levy assessments, but there was an irregularity or illegality in the proceedings, relief can only be had upon appeal, and no ground for injunction relief existed."

The above rule was quoted with approval in Board of Trustees v. Board of Supervisors, 232 Iowa 1098, 5 N. W. 2d 189. In Bradley v. Appanoose County, 199 Iowa 317, 319, 200 N. W. 216, 217, we said:

"We have frequently held that, where the action of the board of supervisors in levying an assessment is not absolutely void, the remedy of the landowner is by appeal, and not by injunction."

See, also, Maasdam v. Kirkpatrick, 214 Iowa 1388, 243 N. W. 145.

If the exclusive remedy of appeal is a bar to a suit to enjoin the collection of the drainage tax unless the assessment is absolutely void, then it is a bar to a refund action after payment unless the assessment is void. The reason is that the exaction of the tax is neither erroneous nor illegal, if the assessment was not void, and the taxpayer did not attempt to have the assessment changed in the way the legislature has provided shall be the exclusive manner of correcting assessments.

Our inquiry, therefore, is whether the tax is upon a void assessment. It is answered by our holding in Whisenand v. Van Clark, supra, where we said the error did not "render the assessment void."

It is our conclusion that the trial court correctly sustained the motion to dismiss.

II. There is another point in the case that we desire to mention. It seems to us that a fair interpretation of plaintiff's petition would indicate that she seeks the refund out of general county funds. We have found no authority which would allow a refund of special taxes, alleged to be erroneously or illegally exacted, to be paid from general county funds. This is an action for the refund of a tax alleged to be "erroneously or illegally exacted or paid" under the provisions of section 7235, Code of 1939. Plaintiff prays for a writ requiring "the Board of Supervisors of Warren County, Iowa, to order the Treasurer of Warren County, Iowa, and the County Auditor of Warren County, Iowa, or any other necessary County Officials, to refund to this plaintiff",the tax which she alleges has been erroneously or illegally exacted or paid. Suppose we assume, for the purpose of argument, that the tax was an illegal or erroneous exaction. Out of what funds will the court order the refund to be made? Out of the general funds of the county? Of course not, for the result of such a decree would be to compel general taxpayers, not in the district, to pay for special improvements that did not benefit their property. It does not appear from a reading of the petition that this refund is sought from any portion of the drainage fund still undistributed. The action is against the Board of Supervisors as Supervisors of

Warren County and against the Treasurer as Treasurer of Warren County. Nowhere in the petition is there any allegation that as such officials they had any funds at the time of suit which could be used to make the requested refund. If the collected taxes were illegal or erroneous, they became no part of the county funds. If the illegal tax was special, the fund that was benefited by the illegality could be the only source of refund. That fund is the drainage fund of Drainage District No. 6. Section 7481, Code of 1939, provides:

"Such [drainage] taxes when collected shall be kept in a separate fund known as the drainage * * * fund of the district to which they belong, and shall be paid out only for the purposes properly connected with and growing out of the * * * improvement * * *."

In Butler v. Board of Supervisors, 46 Iowa 326, 328, a mandamus action under the same statute was brought against the board of supervisors to compel it to order a refund of certain taxes to the taxpayer. The tax in that case was a special tax, in aid of a railroad, levied in one township. The tax which was later held to be illegal had been collected and paid over to the railroad. In holding that section 870, Code of 1873 (section 7235, Code of 1939) did not authorize a refund, we stated:

"We think these sections can have no application to the cases at bar, because this special tax has been paid over to the railroad company, and there can be no refunding or repayment excepting from the funds of the county, in which every taxpayer of the county has an interest."

Again, in Des Moines & M. R. Co. v. Lowry, 51 Iowa 486, 489, 1 N. W. 782, 785, we said, concerning refund rights as to such illegal railroad taxes:

"It may be conceded, for our present purpose, that a tax of this kind, when declared illegal, must be refunded to the taxpayers under Code, section 870 [now 7235]. But it is very clear that such illegal tax cannot be refunded out of county revenue."

More recently, in the case of Mitchell County. v. Odden, 219 Iowa 793, 259 N. W. 774, we held the treasurer and his bondsman liable to the county for the payment of county funds for drainage-district bonds. See, also, Yockey v. Woodbury County, 130 Iowa 412, 106 N. W. 950.

We have included the foregoing to prevent any construction on our holding that, even if the assessment were void, there could be a refund from general county funds. In Dickey v. Polk County, 58 Iowa 287, 288, 12 N. W. 290, 291, we allowed a refund of illegally collected railroad taxes, along with other taxes, but there the stipulation showed ten per cent of the railroad tax collected had been retained by the treasurer "to meet the possible contingency of a refund being ordered." While it seems to us the petition sought the refund from county funds, it is not entirely clear and it was not assailed on this ground. If it did, it was rightly dismissed, for there can be no refund under section 7235 from general county funds for an alleged illegal exaction of a special tax. This would be true even though the defendants failed to raise this issue. As having some bearing on this point, see Yockey v. Woodbury County, 130 Iowa 412, 106 N. W. 950.

We have examined the authorities cited in plaintiff's brief. Many of them are not in point, and some of them, such as Gallagher v. Garland, 126 Iowa 206, 101 N. W. 867, were decided before the enactment of the statute giving a right of appeal to the district court from the levying of special assessments.

For the reasons stated, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.