# IN THE COURT OF APPEALS OF IOWA

No. 21-0204
Filed January 12, 2022

**RONALD JENSEN, ARLENE JENSEN, DALE AND BONNIE KNUTSON TRUST, DOROTHY J. HEINTZ, and L&C FARM LLC,**
    Plaintiffs-Appellants,

**vs.**

**LAURIS OLSON, LINDA MURKEN, LISA HEDDENS, in their Official Capacity as Drainage District Grant #5 Trustees, STORY COUNTY ASSESSOR, and STORY COUNTY TREASURER,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Story County, Amy M. Moore, Judge.


Landowners appeal the dismissal of their petition for declaratory judgment against the district's trustees and others challenging levies imposed after a failed annexation. **AFFIRMED.**


Dane J. Schumann and Steven P. Wandro of Wandro & Associates, PC, Des Moines, for appellants.

Robert W. Goodwin of Goodwin Law Office, P.C. and Ethan P. Anderson, Assistant Story County Attorney, Nevada, for appellees.


Heard by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Story County Drainage District Grant #5 considered annexing westerly land. The district retained an engineer to investigate the proposed annexation. Ultimately, the land was not annexed. Landowners within the district were assessed a levy to cover costs associated with the failed annexation.

The landowners filed a petition for declaratory judgment against the district's trustees and others ("trustees") alleging the "levies imposed" were "in violation of Iowa Code Chapter 468 [(2020)], which governs drainage districts and the validity of property tax payments for drainage district activity." They further alleged, "Because this Petition attacks the validity of the Trustees' actions in assessing Plaintiffs' land, the Iowa Code § 468.83 appeals process does not apply and the Court has jurisdiction over this matter."

The trustees moved to dismiss the action on the ground that, if there was no statutory appeal, "the only permissible action against a drainage district" was a "mandamus" action and the landowners' lawsuit was not such an action. They also asserted the landowners lacked standing and they failed to state a claim upon which relief could be granted. The landowners responded that their petition was a permissible "equitable action[]" seeking to "void[]" an illegal assessment.[1]

---

[1] In their response to the trustees' motion to dismiss, the landowners conceded a mandamus action would be inappropriate. They simply argued "[a] mandamus action—which is brought to compel a government entity to undertake affirmative action imposed by law—is not the exclusive remedy available to a party aggrieved by illegal drainage district activity." *See Board of Water Works Trs. of City of Des Moines v. SAC Cnty. Bd. Of Supervisor*, 890 N.W.2d 50, 59–60 (Iowa 2017) ("[M]andamus is the proper remedy to adjudicate claims that a drainage district is violating a duty imposed by an Iowa statute." (citing *Voogd v. Joint Drainage Dist. No. 3-11*, 188 N.W.2d 387, 391 (Iowa 1971)); *Chicago Cent. & Pacific R. Co. v. Calhoun Cnty. Bd. Of Supervisors*, 816 N.W.2d 367, 373 (Iowa 2012) ("If the board

The district court declined to decide whether the landowners used a proper vehicle to challenge the trustees' action. The court instead dismissed the petition for failure to state a claim upon which relief could be granted. The landowners appealed following denial of their reconsideration motion.[2]

The landowners reiterate that courts have "equitable powers to void illegal assessments." The trustees counter that the landowners were limited to challenging the assessment by (1) mandamus or (2) "an appeal of a final act of [the trustees] pursuant to 468.83–.84." Because the landowners failed to pursue either avenue, the trustees argue the district court did not err in dismissing the petition.

We may "affirm a trial court on any basis appearing in the record and urged by the prevailing party." *See Chicago Cent. & Pacific R. Co.*, 816 N.W.2d at 373; *see also State ex. rel. Dickey v Besler*, 954 N.W.2d 425, 432 (Iowa 2021) (citing *St. Malachy Roman Catholic Congregation of Geneseo v. Ingram*, 841 N.W.2d 338, 351 n.9 (Iowa 2013)) (stating we may affirm on any ground "raised below and

---

fails to perform the required repairs, then a mandamus action is the appropriate remedy for a complaining party.").

[2] The trustees argue the appeal is untimely because the reconsideration motion was not a "proper" motion for purposes of tolling the appeal period. Ordinarily, a notice of appeal must be filed within thirty days of the filing of the final order or judgment being appealed. Iowa R. App. P. 6.101(1)(b); *see Valles v. Mueting*, 956 N.W.2d 479, 483 (Iowa 2021) (stating the timeliness of a notice of appeal is "mandatory and jurisdictional"). But if a reconsideration motion is timely filed pursuant to Iowa Rule of Civil Procedure 1.904(2), the deadline for filing a notice of appeal is thirty days after a ruling on the motion. Iowa R. App. P. 6.101(1)(b). Whether the reconsideration motion is "proper" for timeliness purposes is no longer a consideration. *See* Iowa R. App. P. 6.101(1)(c). Now, "a motion is considered timely if it has been filed by the applicable deadline and asks the court to reconsider, enlarge, or amend its order, ruling, judgment, or decree." *Id.* Because the landowners' notice of appeal was filed within thirty days of the district court's denial of the reconsideration motion, their appeal was timely.

reiterated in the briefing to this court."). The trustees raised the propriety of the landowners' independent action and reprised the issue on appeal. Accordingly, we have authority to consider this alternate basis for affirmance.

Iowa Code section 468.83(1) states, "Any person aggrieved may appeal from any final action of the board in relation to any matter involving the person's rights, to the district court of the county in which the proceeding was held." Section 468.84 states, "All appeals shall be taken within twenty days after the date of final action or order of the board from which such appeal is taken by filing with the auditor a notice of appeal . . . ." And section 468.96 states, "The remedy by appeal provided for in this subchapter, parts 1 through 5, shall be exclusive of all other remedies."

The landowners' petition "attack[ed] the validity of the Trustees' actions in assessing [their] land." The landowners concededly did not file an appeal to the district court pursuant to section 468.83(1), timely or otherwise. This was their exclusive means of challenging the assessment. We conclude their failure to pursue the statutory appeal route required dismissal of their petition. *See Whisenand v. Van Clark*, 288 N.W. 915, 918 (Iowa 1939) ("Appellant claims that the method used by the board in determining the amount of the assessment violated the statute . . . and the assessment was void . . . . The board had jurisdiction to make the assessments and irregularities or illegalities in the proceedings could not be reviewed in a collateral action, appeal being the exclusive remedy."); *Petersen v. Sorensen*, 185 N.W. 42, 45 (Iowa 1921) ("If an improper classification were adopted, or if lands properly assessable were omitted from the levy, or if the assessment was not according to benefits or for other

reasons inequitable, the remedy by appeal was sufficient and exclusive. This remedy having been provided, it must be followed.").

In reaching that conclusion, we have considered *Voogd*, cited by the landowners. *Voogd* was an "an independent suit" rather than "a direct appeal from the supervisors' proceedings." 188 N.W.2d at 390. The supreme court acknowledged the statutory appeal process was the exclusive remedy but stated the landowners could "maintain an independent suit" where they established "the proceedings [were] not merely irregular but [were] void." *Id.* The landowners' challenge to the assessment was based on "the supervisors' failure to give notice and hold hearing regarding a proposal to repair." *Id.* The absence of notice and hearing is an omission that may render a proceeding void. *Id.* at 392–93 (partially voiding assessment for failure to provide statutorily-mandated notice and hearing); s*ee also Hicks v. Franklin Cnty. Auditor*, 514 N.W.2d 431, 435 (Iowa 1994) ("Notice is required if the estimated costs of a repair or an improvement exceed a certain dollar amount or a percentage of the original cost of the improvements." (citing Iowa Code § 468.126(1)(c), (4)(a))); *Thompson v. Joint Drainage Dist. No. 3-11, Kossuth & Winnebago Cntys.*, 143 N.W.2d 326, 331 (Iowa 1966) ("Failure to provide hearing and give notice as required by statute voids the entire assessment."); *see generally Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003) ("Normally a judgment entered against a party without notice is void."). While the landowners try to squeeze their assessment challenge into the *Voogd* framework by alluding to the "remonstrance" rights of landowners in the un-annexed area, the trustees correctly note that the petition "does not allege facts" showing the trustees' "actions in this matter are void."

The district court did not err in dismissing the landowners' petition, "albeit on a different basis." *Chicago Cent. & Pacific R. Co.*, 816 N.W.2d at 378.

**AFFIRMED.**