. BUELL V. SCHAALE.    .

1. **Taxation:** REPLEVIN. Replevin does not lie for the recovery of a
   horse seized for city taxes, when based upon the averment that the taxes
   sought to be recovered were assessed upon live stock which was raised
   and kept outside of the city and was there taxed. The petition should
   also allege that the horse was not habitually used in the city.

2. ————: ————: ERRONEOUS TAXATION. The remedy of a party
   against whom taxes are *erroneously* assessed, is not replevin of the
   property distrained, but by application to the board of equalization.
   (*Hershey v. Fry*, 1 Iowa, 593; *Macklot v. The City of Davenport*, 17 Id.,
   379.)

*Appeal from Clinton District Court.*

THURSDAY, SEPTEMBER 24.

ACTION of replevin for a bay mare. Plaintiff avers his abso-
lute ownership and right to the present possession. The
defendant, for answer, admits the ownership of plaintiff,
and justifies his seizure of the mare as marshal of the city
under a tax list and warrant for its collection, issued by the
mayor of the city of Lyons, for a balance of taxes due from
the plaintiff to said city upon his personal property. The tax
list and warrant are annexed and are conceded regular. For
reply, the plaintiff averred that the said balance was for
alleged taxes upon " live stock which was raised and kept by
plaintiff on his farm in Hampshire township, wholly without
the city, and which had been assessed, and the taxes thereon
paid in said township." A demurrer to this reply was sus-
tained, and plaintiff appeals.

*W. E. Leffingwell & Bro.*, for appellant.

*Ellis & Spence*, for appellee.

COLE, J.—We can affirm this judgment on two grounds:
*First.* Because the plaintiff does not aver the fact that his
1. TAXATION: live stock, upon which the alleged taxes were
replevin.    claimed and which he avers was raised and kept
on his farm, was not habitually used within the city wherein,

it is conceded, the plaintiff resides. And this holding can be well maintained without controverting plaintiff's claim, made here by his counsel, that, although he lives in the city, he is not liable there for taxes upon his personal property, permanently located and used outside of the city.

*Second.* Because the assessment and taxation of this property within the city, when it was situated and used outside of

2. ———: ———: the city, was but an *erroneous* taxation of it; and
erroneous
taxation.        this upon the authority of *Hershey v. Fry*, 1 Iowa, 593, and the authorities cited in the opinion, and also those cited in the notes to COLE's edition. By the charter of the city thirty days are given all persons for the correction before the council of any illegal or erroneous assessments. The plaintiff should have applied there and obtained the correction. *Macklot v. The City of Davenport*, 17 Iowa, 379. The tax list and warrant being regular, and the tax only erroneous, the plaintiff could not properly bring replevin.

AFFIRMED.