AT

## COUNCIL BLUFFS, MARCH TERM, A. D. 1883.

IN THE THIRTY-SEVENTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES G. DAY, CHIEF JUSTICE.
" JAMES H. ROTHROCK, ⎫
" JOSEPH M. BECK, ⎬ JUDGES.
" AUSTIN ADAMS, ⎬
" WILLIAM H. SEEVERS, ⎭

---

HUISCAMP BROS. v. ALBERT ET AL.

1. **Assignment for benefit of Creditors:** PAYMENT OF TAXES. Where an assignment was made for the benefit of creditors, and the assignee was afterwards appointed a receiver to convert the property into money and hold the same subject to the order of the court, it was proper for the court in ordering a distribution of the money, upon the intervention of the county, to order the receiver, after providing, possibly, for the expenses of the trial, to pay the taxes levied under the laws of this State against the insolvent debtor, in preference to other claims, notwithstanding no levy of the taxes had been made on the goods, and no claim had been filed for the taxes against the assignee.

*Appeal from Lee Circuit Court.*

TUESDAY, MARCH 20.

THE plaintiffs brought this action in attachment against the defendant, Albert, and caused the attachment to be levied upon a stock of goods. On the next day, W. H. Dunlap brought a similar action, and the attachment was levied on the same stock of goods, and he now intervenes herein. On the same day on which Dunlap levied upon the goods, but after such levy, Albert made a general assignment for the benefit of his creditors to James Braidwood, who intervenes herein. Lee county also intervenes, and sets up a claim for State and county taxes against Albert. E. F. Brownell also intervenes, claiming to be the owner of a chattel mortgage upon the goods, which is claimed to be prior to the attachments. The plaintiffs applied for a receiver to take possession of the goods and convert the same into money, and to hold it subject to the order of the court. The court appointed the assignee, James Braidwood, as such receiver. As receiver, Braidwood sold the goods, and the court made an order for the distribution of the proceeds. It is ordered, among other things, that Braidwood, in his capacity of receiver, pay the claim of Lee county for State and county taxes. Braidwood, in his capacity of assignee, excepted to such order and appeals.

*J. F. Smith* and *W. J. Roberts*, for appellant.

*R. M. Marshall*, for appellee.

SEEVERS, J.—The appellant insists that the court erred in directing the payment of the State and county taxes. His contention is that, as the taxes accrued on personal property, and no levy had been made on the goods by the treasurer, the taxes were not liens, and that the court could only direct the payment of liens in the order of priority. The appellant further contends that the taxes could only properly be paid by him as assignee, and not even by him in that capacity, un-

less the claim was filed within three months, like other claims. It is provided by statute: "That in all assignments of property for the benefit of creditors &ast; &ast; assessments or taxes levied under the laws of this State &ast; &ast; &ast; shall be entitled to priority or preference and be first paid in full." Chapter 14 of the laws of 1876, Miller's Code, page 571.

Counsel for appellee concedes that the taxes were not liens upon the goods in the hands of the assignee. Whether this concession, under the statute, should have been made, is regarded as somewhat doubtful. We do not deem it necessary to determine whether this is so or not. When the assignment was made, the goods in the hands of the assignee became charged with the payment of the taxes. It was the duty of the assignee, to the extent of the property which came into his hands, to devote the same to the payment of the taxes, subject, possibly, to the payment of the expenses of executing the trust. The taxes must "first be paid in full." This duty is charged on the assignee, and he is regarded as the owner of the property in so far as paying the taxes is concerned. No claim for the taxes is required to be filed with the assignee. Nor is any demand for taxes required to be made of the person who is bound to pay the same, but it is the duty of every person to attend at the office of the treasurer and pay the taxes assessed against him. Code § 857. The assignee must at his peril inquire whether the property or fund in his hands is liable for assessments or levies of taxes. There is no hardship in this, because all such matters are of record in the county where made.

The only contest as to the fund in question is between the county and the assignee. If not paid to the former, it must be to the latter. The fund was liable in the hands of the assignee to the county. There was not, therefore, prejudicial error in ordering the receiver to pay the taxes. It is not claimed that when this is done the assignee will not have sufficient funds to pay the expenses of the trust.

AFFIRMED.