## HARRIS v. FREMONT COUNTY.

1. **Taxes:** ERRONEOUS ASSESSMENT: FACTS CONSTITUTING: REMEDY: LIABILITY OF COUNTY TO REFUND. In this case, plaintiff was assessed with property belonging to a partnership, of which he was a member, which property was legally assessed in another county:—*Held* to be a case of erroneous assessment merely; that plaintiff's exclusive remedy was by proceedings before the board of equalization, under section 831 of the Code; and that the county was not liable to refund the tax, after payment, under section 870 of the Code, it not being a case where the tax was "erroneously or illegally exacted or paid," as contemplated by that section. See opinion for cases followed and distinguished.

*Appeal from Fremont Circuit Court.*

FRIDAY, JUNE 6.

ACTION to recover $90. paid by plaintiff to redeem certain land from a tax sale, for taxes assessed against his grantor of the lands. It is alleged that the taxes were erroneously assessed, in that the personal property upon which the assessment was made belonged to a copartnership of which plaintiff's grantor was a member, and was kept in another county, where it was duly assessed to the firm owning it. A demurrer to the petition was sustained. Plaintiff appeals.

*W. P. Ferguson,* for appellant.

*Draper & Thornell,* for appellee.

BECK, J.—I. The amount in controversy in this action being less than $100, it is brought to this court upon a certificate of the circuit judge, stating the questions for decision in the following language:

" 2nd. In case where a resident taxpayer of one county is erroneously assessed therein with property belonging to another man residing in another county, where the same is legally assessed and paid, can such first party recover back taxes paid by him on such erroneous assessment, in an ac-

tion against the county, without appearing first before the township board of equalization to have such assessment corrected?

"3rd. Does the purchaser of land, after it has been sold at tax sale for such erroneous tax, have, by redeeming from such sale, the same right of action therefor as his grantor, who failed to go before the township board of equalization to have same corrected?"

II. The case presented by these questions and the pleadings is that of an erroneous assessment. The tax payer is assessed for property in which he had an interest as a partner, and which was lawfully assessed to the firm in another county. The assessor did not lack authority to make the assessment, nor did he act in the matter beyond his jurisdiction. He simply erroneously listed property to the partner which was lawfully assessed to the firm in another county. It may be regarded as an over-assessment of property which was not taxable against the person assessed. *Buell v. Schaale*, 39 Iowa, 293.

III. In case of an erroneous assessment, the statute provides an exclusive remedy by proceedings before the board of equalization, from which an appeal may be taken. Code, § 831. *Macklot v. City of Davenport*, 17 Iowa, 379; *Buell v. Schaale*, 39 Id., 293; *Meyer v. The County of Dubuque*, 43 Id., 592; *Nugent v. Bates et al.*, 51 Id., 77.

IV. The plaintiff, to support his action, relies upon Code, § 870, which provides that "the board of supervisors shall direct the treasurer to refund to the taxpayer any tax, or any portion of tax, found to have been erroneously or illegally exacted or paid." This court has held that, under this provision, an action will lie to recover taxes paid, when there was a want of authority to levy them or make the assessment. *Dickey v. The County of Polk*, 58 Iowa, 287. The section is not applicable to the case under consideration, which involves an erroneous assessment made in the exercise of lawful authority. As the tax

appeared regular upon the assessment roll and tax books, it was not "erroneously or illegally exacted or paid."

The circuit court rightly sustained defendant's demurrer to plaintiff's petition.

AFFIRMED.