## LEONARD v. MADISON COUNTY.

1. **Taxes:** ILLEGALLY EXACTED OR PAID: REFUNDING BY COUNTY: FACTS NOT ENTITLING TO. Where plaintiff was assessed for his moneys and credits, without any deduction being made for his debts, and he made no claim to the assessor for such deduction, and did not appear before the board of equalization and claim such deduction, but paid the tax levied pursuant to the assessment, *held* that the tax was not illegally exacted or paid, as contemplated by § 870 of the Code; that the county supervisors were powerless to refund any portion thereof; and that an action would not lie against the county for the recovery thereof.

*Appeal from Madison Circuit Court.*

ACTION to recover for taxes alleged to have been illegally exacted of the plaintiff by the defendant, and paid by plaintiff under such illegal exaction. There was a trial to a jury. A peremptory instruction having been given by the court to the jury to render a verdict for the defendant, a verdict was rendered accordingly, and judgment was rendered thereon. The plaintiff appeals.

*John Leonard*, for himself, appellant.

*Ruby & Wilkin*, for appellee.

ADAMS, J.—The taxes in question were paid upon one hundred and fifty shares of stock which the plaintiff owned in the National Bank of Winterset. This stock was assessed at $9,000. The plaintiff at the time was indebted in the sum of $11,000. No deduction was allowed him in any way for the indebtedness.

About two years after the payment, he made an application to the board of supervisors to refund the amount paid on his bank stock, which application the board refused.

It seems to be conceded that the plaintiff would have been entitled in the outset to a deduction which would have relieved him from the tax, and that if he had appeared before

the board of equalization and claimed the deduction, the board could not properly have refused it, or, if they had, that their action might have been corrected on appeal. He did not thus appear, and the principal question presented is whether, under the circumstances, a court can regard the taxes erroneously or illegally exacted or paid, and so refundable under the statute upon which the plaintiff relies, section 870 of the Code. The statute is in these words: "The board of supervisors shall direct the treasurer to refund to the tax payer any tax, or any portion of any tax, found to have been erroneously or illegally exacted or paid," etc.

There is no pretense that the assessor should have made the deduction under the circumstances shown. It does not appear, indeed, that he had any knowledge of the plaintiff's indebtedness. His action, therefore, was, under the circumstances, strictly regular. The levy properly followed the assessment, and the tax was paid by the plaintiff without objection. We see, then, nothing erroneous or illegal in any act of any officer pertaining to the assessment, levy or collection of this tax.

The first time that the fact of plaintiff's indebtedness was brought to the attention of any officer was when he made his application to the board of supervisors to refund the tax. And their refusal to refund the tax consitutes really the very first cause of the plaintiff's complaint. But the board was powerless to act unless there had been a *previous error or illegality* of some kind. The very theory of the plaintiff's application was that there had been a previous error or illegality, and without this it is not pretended that the board had any jurisdiction in the matter.

The correct idea, we think, is that there is no right of deduction in any case not brought to the knowledge of the assessor or board of equalization. The statute plainly contemplates that it shall be made before levy, and not afterwards. The plaintiff, then, never acquired the right of deduction. If errors in the amount of assessments could be corrected, after

the payment of taxes, by action to recover the taxes paid, there would be no limit to the litigation that would arise. But in the case at bar there is not even an error in the amount of assessment. There was simply an omission on the part of the plaintiff to claim a deduction while he had a right to claim it. Nor was there an error in payment, because, before the tax was paid, it had become too late to claim a deduction.

The plaintiff complains that his bank stock was assessed under the denomination of "corporation stocks," instead of bank shares. But, under the circumstances, he was not prejudiced. Strictly, perhaps, national bank shares should be assessed specifically as such, that the tax-payer's right of deduction, if he has any, may be more readily apparent. But this is immaterial in a case where he never claimed the right.

We think that the judgment of the circuit court must be

AFFIRMED.