MAISH *v.* BIRD and others.

*(Circuit Court, S. D. Iowa, C. D.   October Term, 1884.)*

TAXATION—CHATTEL MORTGAGE—LIEN OF TAX ASSESSED AGAINST MORTGAGOR.
Under the statutes of Iowa, taxes are not a lien upon personalty until distraint therefor is made in the mode pointed out in the statutes; and a mortgagee of personal property who takes possession under his mortgage, and sells the property, either directly or through the decree or order of a court, before any distraint is made, is entitled to the proceeds so far as may be necessary to pay his claim as against the taxes assessed against the mortgagor.

In Equity.

*Wright, Cummins & Wright*, for complainants.

*Sherman, Mitchell & Dudley*, for county treasurer.

SHIRAS, J. William K. Bird, in January, 1882, was engaged in the mercantile business at Des Moines, Iowa. On the sixth of January he executed a chattel mortgage on his stock in trade to the Iowa National Bank to secure his indebtedness to this bank. Certain other creditors levied writs of attachment on the property, and the complainant, to whom the mortgage had been assigned, replevied the same, and also filed a bill for the foreclosure of the mortgage. The court appointed a receiver, who took possession of the property, and, under direction of the court, sold the same, the proceeds being held for distribution to the parties to whom it should be ultimately adjudged to be due. The county treasurer of Polk county now applies

to the court for an order directing the receiver to pay out of the funds realized from the sale of the goods the taxes assessed against W. K. Bird for the year 1882. This application is resisted by the complainant, on the ground that the fund is not sufficient to pay his claim in full, and that the taxes are not a lien upon the property or its proceeds, no levy thereof having been made upon the property. On part of the county treasurer it is urged that the matter stands just as it would if an actual levy had been made, for the reason that when the taxes became delinquent, so that a levy therefor could have been made, the property was in possession of this court, and that he could not, therefore, seize the same, and that the court will, therefore, deem that to have been done which would have been done had not the possession by the court of the property forbidden it.

Under the provisions of the statutes of Iowa, taxes are not declared to be a lien upon personalty. Section 857 of the Code provides that if any one neglects to pay the taxes assessed against him before the first day of February, the treasurer is directed to make the same by distress and sale of his personal property, and the tax-list alone shall be sufficient warrant for such distress. The taxes claimed by the treasurer were for the year 1882, and hence the treasurer could have distrained for the collection thereof on or after the first day of February, 1883. At that time the goods were in possession of the receiver. Assuming, without deciding it, that the fact that the court, through the receiver, had possession of the goods, should be deemed to place the treasurer in the same position as though he had created a lien on the property, the question then arises whether such lien for the taxes assessed against W. K. Bird for the year 1882 is superior or paramount to that of complainant as mortgagee, or is there an equity in favor of such taxes which entitles them to priority? I do not find that this question has been settled by the supreme court of Iowa, so that this court must determine it without aid from that source.

It will not be claimed that personal property, sold by the tax-debtor after the taxes have become delinquent, but before any distraint thereof has been made, is subject to be seized in the hands of a purchaser and subjected to the payment of the tax. If this were the rule, then every one who buys goods in the ordinary way of trade of a merchant cannot know whether his title is a perfect one or not, except by ascertaining whether his vendor has paid all taxes assessed against him. If there are taxes due, then, under such a rule, the purchaser would take subject to the right of the county treasurer to seize the goods and sell them for the unpaid taxes. Certainly no such burden or risk is placed upon the purchaser by the statutes of Iowa, and in the absence of express statutory provisions so declaring, courts are not justified in adopting a rule which would so greatly interfere with the ordinary business affairs of the community.

In the case at bar it may be urged that complainant is only a

mortgagee, and that his lien as such may well be postponed to that of the taxes assessed against the mortgagor. The record shows that the mortgages under which complainant claims were executed and possession thereunder taken for his benefit in January, 1882, more than one year before the treasurer could have distrained for the taxes now claimed. The property has been sold, and the money realized therefrom is to be distributed. When possession was taken by the mortgagee, and the property was sold, the legal title had vested in the mortgagee, and the case stood, so far as this question is concerned, the same as though the mortgagee had originally bought the goods. If the taxes were in any sense a lien upon or equity in the goods paramount to the mortgage, then such right or lien still exists, and the goods can be seized in the hands of those who bought them from the mortgagee. If no such lien or equity exists against the goods in the hands of the present owners, why should it be held to exist against the proceeds of the goods, which it is admitted belong to the mortgagee?

In the argument it was suggested that in assignments for the benefit of creditors, under the statutes of Iowa, taxes were declared to be entitled to priority of payment from the funds in the hands of the assignee, and that in *Huiscamp* v. *Albert*, 60 Iowa, 421, S. C. 15 N. W. Rep. 264, the supreme court had intimated, without deciding it, that, under the statute, taxes might be deemed to be a lien on the personal property in the hands of an assignee. This statute declares the rule that is to be applied when the proceeds of the property of an insolvent debtor are distributed under an assignment for the benefit of creditors, and whatever may be the construction of the statute upon the question of a lien upon the property, as against an assignee, it is clear that the priority created by the statute, whether accompanied with a lien or not, is confined to cases of assignments made under the statutes.

It is not clear, however, that even in cases of assignment for benefit of creditors the taxes have a priority over liens created by express contract long before the assignment was made or the taxes were levied. The assignee takes the property subject to all prior rights and liens, and it may be that the priority conferred by the statutes upon the taxes is confined to rights conferred by the deed of assignments,—that is to say, the taxes are entitled to priority of payment over all other parties whose right to claim payment depends upon the deed of assignment, but they are not entitled to priority over the liens on personalty which antedate the assignment and all rights conferred thereby; but, however this may be, the rule provided for distribution in cases of assignments is not applicable to the case at bar.

The conclusions reached are that, under the statutes of Iowa, taxes are not a lien upon personalty until distraint therefor is made in the mode pointed out in the statutes; that a person purchasing personal property before a distraint thereof has been made is protected against

a subsequent distraint for the taxes assessed against his vendor; and that a mortgagee of personal property who takes possession under his mortgages and sells the property, either directly or through the decree or order of a court before any distraint is made, is entitled to the proceeds so far as may be necessary to pay his claim, as against the taxes assessed against the mortgagor. The petition, therefore, filed by the county treasurer is dismissed at his costs.