VAN WAGENEN *et al.* v. SUPERVISORS OF LYON COUNTY.

1.  **Taxation**: JURISDICTION OF ASSESSOR. An assessor in this state has the power and jurisdiction to determine that shares of stock in a bank in another state, owned by residents in his district, are assessable by him, so that the assessment, if erroneous, will not be void.

2.  ———: ERRONEOUS ASSESSMENT: UNWARRANTED CORRECTION BY SUPERVISORS: CERTIORARI BY TAXPAYER. Where a taxpayer was assessed at the place of his residence with shares in a bank located in another state, and, without complaining to the city or township board of equalization, he applied to the county supervisors for an abatement of the tax, and they granted the relief asked, *held* that they acted without jurisdiction, and that a taxpayer of the county was entitled to have their action reviewed and set aside on *certiorari*. (See statutes and cases cited in opinion.)

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, SEPTEMBER 5, 1888.

The facts are stated in the opinion.

*A. Van Wagenen* and *J. M. Parsons*, for appellants.

*Joy, Hudson & Joy*, for appellee.

SEEVERS, C. J.—In 1886 Miller and Thompson, who reside in Lyon county, were duly assessed for the purpose of taxation with certain bank stock owned by them in banks incorporated under the laws of Minnesota, and situated in that state. In January, 1887, the board of supervisors, by a resolution duly passed, rebated the tax so assessed. The plaintiffs commenced this *certiorari* proceeding for the purpose of annulling the act of the board.

I.  The first question to be determined, it seems to us, is whether the assessment was void or merely erroneous. Miller and Thompson, as we have seen, were

residents of Lyon county, and were liable to be assessed there with all the personal property owned by them. The assessing officer had the power and jurisdiction to determine that the bank shares were assessable in that county. He may have erred, but clearly, we think, the assessment was not void. In principle this identical question was determined adversely to the defendant in *Harris v. Fremont County*, 63 Iowa, 639, for it is immaterial whether the property assessed is situated in another county or state, in so far as the question of the power and jurisdiction of the assessment and levy of the tax is concerned.

II. The next question is in what manner such an erroneous assessment can be corrected. The uniform ruling in such a case is that the aggrieved party must apply to the city or township board of equalization for such correction. *Macklot v. City of Davenport*, 17 Iowa, 379, and other cases following it. Miller and Thompson did not adopt this remedy, but, long after the time within which they were required to appear before the proper board of equalization, they applied to the board of supervisors for relief. The question is pertinent whether the board had the power and jurisdiction to grant the relief it did. That the board of supervisors also constitutes a board of equalization is undoubtedly true. Code, sec. 832. For this purpose the board is required to perform duties incumbent on it at a certain time which had elapsed long prior to the time the resolution in question was passed. Besides this, their powers, when so meeting, are confined to equalizing assessments between the several townships, cities and incorporated towns in the county, and such board has no power to "add property not assessed to the assessment roll or tax-list, or to strike therefrom any duly assessed." *Royce v. Jenney*, 50 Iowa, 676. Counsel for the appellee, however, claim that the requisite power is found in section 870 of the Code, which provides: "The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion of a tax found to have been erroneously or illegally exacted and paid."

Strictly speaking, as·this tax has never been exacted or paid, this statute has no application. But counsel say that, assuming that the bank shares are not assessable, it is clearly unnecessary to pay the money into the treasury and then apply to and obtain an order from the board on the treasurer to repay it. Therefore the error of the board, conceding it to have been an error, was in no respect prejudicial. This argument is specious, but not sound, for the reason that it assumes that a taxpayer who is erroneously assessed must pay the tax and then apply to the board for an order on the, treasurer to refund the same, and, if the board refuses, he can maintain an action to recover the tax, although he fails to make application to the proper board of equalization to correct the erroneous assessment. If the taxpayer is erroneously assessed, he must pursue the remedies provided by law to correct the error, and the statute in question simply means that when the taxes have been exacted or paid, although the taxpayer has availed himself of all the remedies provided by law without obtaining the relief, the board of supervisors may direct such taxes to be refunded. If a person pays taxes without availing himself of the remedy provided by law, it cannot be regarded as an illegal exaction, provided the power and jurisdiction existed to make the assessment and levy. We are not required to determine what the rule would be if the assessment was void. Counsel cite and rely on *Callanan v. Madison County*, 45 Iowa, 561, but the only question determined in that case was whether the action was barred by the statute of limitations. As the board of supervisors did not have the power and jurisdiction to make the abatement it did, it follows that the action of the board may be reviewed and corrected by *certiorari* at the instance of a taxpayer. *Collins v. Davis*, 57 Iowa, 256. The judgment of the district court is

REVERSED.