UNION PETROLEUM COMPANY, Appellee, v. INDIAN PETROLEUM COMPANY, Appellant; A. C. CHERRY, Intervener, Appellee.

**TAXATION:** Void Assessment. An assessment on the corporate stock
1 of a merchant corporation (instead of on the stock of merchandise) is void, and necessarily is not a charge on the funds of the corporation in the hands of a receiver. (Secs. 1318, 1323, Code, 1897.)

**TAXATION:** Assessment—Appeal—Void Assessment. A void assess-
2 ment may be questioned even though no appeal has been taken therefrom.

*Appeal from Cedar Rapids Superior Court.*—ATHERTON B. CLARK, Judge.

FEBRUARY 7, 1922.

ACTION on a claim filed with the receiver of the defendant company by the county treasurer of Linn County for taxes

assessed against the company for the year 1919. The trial court established the claim and directed the payment thereof by the receiver. Defendant appeals.—*Reversed.*

*Barnes, Chamberlain & Hanzlik,* for appellant.

*H. K. Lockwood* and *C. L. Taylor,* for appellee.

DE GRAFF, J.—The original action in this case involved the collection of an account owing by the Indian Petroleum Company to the Union Petroleum Company. The defendant company was insolvent and the court appointed a receiver who took possession of all assets, sold the same and asked for an order for the distribution of the proceeds among the creditors of the company.

1. TAXATION: void assessment.

The county treasurer, as intervener, filed a claim with the receiver for taxes assessed against the company for the year 1919. The receiver, answering the petition of intervention, denied that the tax was a proper charge against him as receiver and denied generally any liability for payment on the part of the company. The trial court determined that the claim was legal and proper and directed the receiver to pay the same.

The Indian Petroleum Company is a mercantile corporation engaged in operating gas filling stations and selling gasoline, lubricating oils and automobile accessories in the city of Cedar Rapids, Iowa and elsewhere. The receiver was appointed October 2, 1918 and operated the business of said company until May 21, 1919, when the assets and properties of the company were sold under order of court.

In the early part of the year 1919 a blank form of corporate statement was sent by the city assessor to the secretary of the defendant company who returned it, signed but unverified, showing that there were outstanding 4,021 shares of capital stock with a par value of $10 each. Above the secretary's signature on said return were these words: "This company is now in the hands of a receiver." The company was in fact insolvent at said time with assets sufficient to pay the creditors about 75 per cent of the claims filed with the receiver. The city assessor proceeded to assess a tax against the company on the basis of the capital stock returned, no personal property being found

belonging to the corporation. No notice of the assessment of taxes was given to the receiver and the matter was not brought to his attention until April or May in 1920.

On August 3, 1920 the county treasurer of Linn County filed in the office of the clerk of the superior court of Cedar Rapids in which said cause was pending a claim for taxes for the year 1919 in the sum of $1,171.36.

Two primary questions are presented by this appeal: (1) Was the assessment as made against the defendant company valid? (2) If valid, are the assets in the hands of the receiver chargeable for the payment of the taxes? The defendant company must be classified as a mercantile corporation and is assessable under Section 1318 of the Code. When the statute provides a method for the assessment of property that method is exclusive. *Wahkonsa Inv. Co. v. City of Ft. Dodge,* 125 Iowa 148; *Layman v. Iowa Tel. Co.,* 123 Iowa 591.

The assessment in the instant case was erroneously made under the provisions of Section 1323 of the Code. This section contemplates assessments against stockholders and finds no application as a proper method of assessment in the case at bar. The instant obligation is not a tax upon the personal property in the hands of the receiver and does not purport to be such. There is no valid reason why property in the hands of a receiver should not be subject to the payment of taxes, but they must be assessed in conformity to law. If a legal assessment is made it is the duty of the person assessed to present himself at the office of the treasurer and pay the taxes. Section 1403 Code 1897. See *Huiscamp Bros. v. Albert,* 60 Iowa 421.

If the county has acquired no lien for taxes upon personal property in the hands of a receiver, pending litigation concerning the priority of liens already existing and attached, the county has no claim on the property or its proceeds in his hands for taxes levied on the property. *Howard County v. Strother,* 71 Iowa 683. *A fortiori* a receiver is not liable for an invalid assessment against the company or corporation he represents which is made after his appointment.

The fact that no appeal was taken from the assessment made is not fatal to the objections made by the receiver to the assessment. A void assessment is not subject to statutory provisions

governing an appeal from a valid assessment.
*Layman v. Iowa Tel. Co.,* supra.

2. TAXATION: assessment: appeal: void assessment.

We will view for a moment the other angle of this case. It is the settled law in matters of receiverships that, in the distribution of the assets by the receiver, debts of the company existing at the time of the receivership take precedence over debts arising thereafter, subject to the necessary expenses of the receivership in preserving its property or in the prosecution of the business of the company if so authorized by the court. A corporation is not dissolved by the appointment of a receiver. It continues to exist and can exercise its franchise and discharge its duties, provided these things can be done without interfering with the lawful management of the property by the receiver. Furthermore it may be stated as a general proposition of law that claims which are unascertainable and on which no right of action exists at the time a receiver is appointed cannot be proved against the assets in his hands. 23 Ruling Case Law 102; *People v. Metropolitan Surety Co.,* 205 N. Y. 135 (98 N. E. 412, Ann. Cas. 1913 D 1180).

A distinction must be made between taxes on corporation existence and taxes upon its property and income. As has been indicated Code Section 1323 *et seq.* authorizes the corporation to collect a tax assessable to its stockholders and creates a lien on their stock and a right to enforcement. With such a matter a receiver has no concern and to which the receiver could not have objected. See *United States v. Whitridge,* 231 U. S. 144.

The 1919 tax in question was levied after the appointment of the receiver, and not in conformity to statutory method. Consequently there was not a valid assessment against either the receiver or the corporation.

Wherefore the findings and judgment of the trial court are—*Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.