GRISWOLD LAND & CREDIT COMPANY, Appellants, v. COUNTY OF CALHOUN et al., Appellees.

**TAXATION:** Assessment—Erroneous Classification—Waiver. The error of an assessor in so classifying assessable property that the tax thereon is in excess of the rate legally prescribed for such property is absolutely waived by a failure to apply to the board of review for a correction.

*Appeal from Calhoun District Court.*—M. E. HUTCHISON, Judge.

DECEMBER 11, 1924.

APPEAL from the ruling of the court below upon a demurrer to plaintiffs' petition. Plaintiffs appeal.—*Affirmed.*

*E. C. Stevenson,* for appellants.

*Marion R. McCaulley* and *John W. Jacobs,* for appellees.

STEVENS, J.—This is an action in mandamus, brought jointly by the Griswold Land & Credit Company of Manson, Iowa, and its stockholders, against the board of supervisors and county treasurer, respectively, of Calhoun County, to compel a refund of certain taxes alleged to have been erroneously and illegally exacted of appellants by the county treasurer. A demurrer to the petition was sustained; and, plaintiffs electing to stand thereon and refusing to plead further, the petition was dismissed, and judgment entered against them for costs. The action is bottomed upon Section 1417 of the Code of 1897, and it is alleged in the petition that the Griswold Land & Credit Company is a corporation organized under the laws of Iowa, engaged in the loan and investment business; that it does not

receive deposits, and is not in any way engaged in the business of banking or of a trust company; that, for each of the years 1914 to 1920, both inclusive, it furnished to the assessor in the proper assessing district the names of the stockholders, the number of shares, and such other information as was essential for a proper listing and assessment of its property; that, under the statute, its shares of stock should have been assessed at their full value on the basis of moneys and credits; but that the assessor, in disregard of his duty, classified the loans and cash of the corporation as personal property, and not as moneys and credits; that it was assessed and classified along with banks and loan and trust companies, and assessed at the same rate as such companies are assessed; that, prior to the commencement of this action, appellants made demand of the board of supervisors for an order on the county treasurer, directing him to refund the taxes thus erroneously and illegally exacted; that said application was refused; and that the mistake in said assessment was not discovered by appellants until the taxes for the several years mentioned had been fully paid. They prayed that a writ of mandamus issue, to compel the board of supervisors to order the treasurer to refund said tax, and the treasurer to pay the same out of the proper funds of his office.

The grounds of the demurrer are that the taxes for the years 1915 to 1917, inclusive, were barred by the statute of limitations, and that the appellants had a plain, speedy, and adequate remedy at law by appeal from the board of review, and, therefore, that the court was without jurisdiction to grant the relief prayed.

It is the duty of the county auditor to "furnish to each assessor a supply of blank assessment rolls, on which to enter, separately, the names of all persons, partnerships, corporations or associations assessed, which rolls shall be made in duplicate, and separated by a perforated line, * * *. Said duplicate shall be signed by the assessor, detached from the original, and delivered to the person assessed." Section 1360, Code of 1897.

It is the duty of the assessor to list every person in his assessing district and assess all of the property, personal and real, therein, not exempt from taxation or otherwise assessed. Section 1354, Code of 1897.

The assessor must complete the assessment by the first day of April, and on or before the first Monday of that month must appear before the local board of review with his assessment rolls, for correction or approval. Section 1365, Code of 1897.

The board of review in cities and towns is the city council. In case the assessed value of any specific property or the entire assessment of any person, partnership, or corporation is raised, or new property added by the board of review, notice shall be given thereof, and time allowed within which complaint may be made before that tribunal. Section 1372, Code of 1897.

Any person aggrieved by the action of the assessor in assessing his property may complain orally or in writing to the board of review, and if relief is not granted by such board, may appeal to the district court. Section 1373, Code of 1897.

The provisions herein referred to will be found in Chapters 342 and 343 of the Code of 1924.

Section 1417, so far as material to the matters involved in this controversy, is as follows: '

"The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon."

It thus appears that the authority of the board of review is plenary to correct errors in the classification and assessment of property and to increase or diminish the valuation fixed by the assessor. A tribunal having been created by the legislature and invested with power to hear certain complaints and grievances in the listing and assessment of property, its jurisdiction in all such matters is exclusive of all other remedies allowed by law, except as hereafter shown. *Macklot v. City of Davenport,* 17 Iowa 379; *Lauman v. Des Moines County,* 29 Iowa 310; *Buell v. Schaale,* 39 Iowa 293; *Isbell v. Crawford County,* 40 Iowa 102; *Meyer v. Dubuque County,* 43 Iowa 592; *Richards v. Wapello County,* 48 Iowa 507; *Nugent v. Bates,* 51 Iowa 77; *Harris v. Fremont County,* 63 Iowa 639; *Wilson & Co. v. Cass County,* 69 Iowa 147; *Eyerly v. Jasper County,* 72 Iowa 149; *Missouri Valley & B. R. & B. Co. v. Harrison County,* 74 Iowa 283; *Van Wagenen v. Supervisors of Lyon County,* 74 Iowa 716; *Crawford v. Polk County,* 112 Iowa 118; *Wahkonsa Inv.*

*Co. v. City of Fort Dodge,* 125 Iowa 148.

The failure of a person aggrieved by the assessment of his property to appear before the board of review and make complaint waives his right to subsequently complain of any irregularity in the listing and assessment thereof. *Dickey v. County of Polk,* 58 Iowa 287; *Richards v. Wapello County,* supra; *Harris v. Fremont County,* supra; *Van Wagenen v. Supervisors of Lyon County,* supra. The attempt of the county treasurer to collect a void tax may, however, be enjoined by a court of equity. *Barber v. Farr,* 54 Iowa 57; *Union Pet. Co. v. Indian Pet. Co.,* 192 Iowa 1373.

The jurisdiction of the board of supervisors to order a refund of taxes paid is limited to such as have been erroneously or illegally exacted by the county treasurer. It is conceded by counsel for appellees that mandamus to compel the board of supervisors to order a refund is the proper remedy, under Section 1417. In view of the conclusion reached, we shall, for the purposes of this case, assume that the shares of stock of the Griswold Land & Credit Company should have been assessed as moneys and credits, and not as personalty.

The real nub of the controversy is the right of appellants, under the facts admitted by the demurrer, to relief under Section 1417. The question, therefore, is: What is meant by taxes found to have been erroneously or illegally exacted or paid, within the terms of this statute? Was the remedy of appellants, of appearing before the board of review with their grievances, and, upon failure to obtain relief, of appealing to the district court, exclusive of all others, or may they maintain the present action, notwithstanding that the irregularity complained of could have been remedied by that tribunal? The word "erroneously" has no doubt been somewhat loosely used by this court, particularly in some of its early decisions.

Let us now briefly review the decisions of this court relied upon by appellants. The action in *Lauman v. Des Moines County,* supra, was in mandamus, to compel the county treasurer to refund certain taxes paid on fifty shares of national bank stock. The court found that the tax was levied without authority of law, and that, therefore, there was neither legal right nor power to collect same, and, upon this ground, held

that it was the duty of the treasurer to make the refund as prayed. This case was followed by *Isbell v. Crawford County,* supra, in which it was held that, as the tax exacted in that case had never been levied, it was the duty of the board of supervisors to direct a refund thereof to the taxpayer. A similar situation was presented in *Richards v. Wapello County,* supra. The refund sought in *Dickey v. Polk County,* supra, was the amount collected upon an increase in the valuation of the property of Lee Township by the board of supervisors of Polk County. The court held that the board acted wholly without authority or jurisdiction, and that the tax was illegally exacted. The taxes involved in *Commercial Nat. Bank v. Board of Supervisors,* 168 Iowa 501, were levied under a statute subsequently declared void.

It will thus be seen that the tax involved in each of the above cases was either assessed and levied without authority, or upon property that was not taxable, or under a statute subsequently declared to be void, or by officers having no authority whatever to do the act complained of. *McPherson v. Foster Bros.,* 43 Iowa 48, does not differ in principle from the above cases.

The board of supervisors is not a taxing body. It has no authority to increase or diminish the valuation of property returned to the board of review by the assessor in the various assessing districts. The distinction to be observed between the power of the board of review and the power of the board of supervisors is pointed out in *Dickey v. Polk County,* supra.

"If a taxpayer, by failing to pursue a remedy for the correction of irregularities in the assessment and levy of taxes, waives or loses his right to resist the collection of the taxes, the exaction of payment by the treasurer is not illegal or erroneous. The irregularities having been waived, the assessment stands upon the tax books to be lawfully exacted, and their collection enforced by the treasurer. In that case, it could not be found that they were 'erroneously or illegally exacted or paid.' Thus an assessment which, for certain reasons, is held to be erroneous, must be corrected upon application to the board of equalization; if that remedy is not pursued, the tax may be collected. *Macklot v. City of Davenport,* 17 Iowa 379. In case of erro-

neous assessment which is to be corrected by the board of equalization, no action will lie. But when the error or illegality which invalidates a tax is found in the action of such board itself, or in the want of authority to levy the tax or to make the assessment, whereby the tax is not a lawful charge against the taxpayer, his remedy is not confined to proceedings before the board of equalization. See cases cited in Miller's Code [1880] and McClain's Statutes [1880], in notes to Section 870.''

We further said, in *Van Wagenen v. Supervisors of Lyon County,* that:

''If a person pays taxes without availing himself of the remedy provided by law, it cannot be regarded as an illegal exaction, provided the power and jurisdiction existed to make the assessment and levy.''

As tending to sustain the holding of the above cases, particular attention is called to *Eyerly v. Jasper County,* supra; *Harris v. Fremont County,* supra; *Nugent v. Bates,* supra; *Crawford v. Polk County,* supra; *Leonard v. Madison County,* 64 Iowa 418; *Waterman v. Burbank,* 196 Iowa 793.

The rule to be deduced from the various provisions of the statute and the decisions of this court is that, unless the tax is illegal because levied without statutory authority, or levied upon property not subject to taxation, or by some officer or officers having no authority to levy the same, or is in some other similar respect illegal, the exclusive remedy of the taxpayer is to complain to the board of review, and, in the event that he is denied relief, then to appeal to the district court. Of course, the board of review has jurisdiction to grant relief to the party aggrieved, upon any of the grounds enumerated above. As to such or perhaps other similar grounds, its jurisdiction is not exclusive. In all other matters, it is.

The fundamental complaint of the appellants is that the property was erroneously classified by the assessor and listed for taxation on the basis of banks and loan and trust companies, and not on the basis of moneys and credits. All that remained was for the proper officers to apply the rate of taxation to the assessment on the basis shown by the return of the assessor. The tax exacted may have been irregular, and the rate on the assumption stated above, higher than it should have been. The irregu-

larity in the classification and assessment of the property was peculiarly within the jurisdiction of the board of review, and complaint should have been made to that body. Having failed to make such complaint, appellants must be deemed to have waived the irregularity in the assessment.

In the recent case of *Steele v. Madison County*, 198 Iowa 902, some of the prior decisions of this court were reviewed; and, although the only question involved in that case was whether an action at law would lie against the county, to recover the portion of a tax alleged to have been levied and exacted without authority, we pointed out that the remedy of the plaintiff, if any, was under Section 1417. As to whether appellant was entitled to recover, under the facts of that case, in an action in mandamus, we expressed no opinion.

It is our conclusion that the remedy of appellants before the board of review was exclusive, and that the demurrer to the petition was properly sustained.—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.