HOME OWNERS LOAN CORPORATION, Appellee, v. POLK COUNTY et al., Appellants.

No. 45727.

JANUARY 20, 1942.

REHEARING DENIED MARCH 20, 1942.

Lappen & Carlson, for appellee.

Francis J. Kuble, County Attorney, James P. Irish, Assistant County Attorney, Charles Hutchinson, and Bruce J. Flick, for appellants.

WENNERSTRUM, J.—The plaintiff, Home Owners Loan Cor-

poration, brought action wherein it asked for a writ of mandamus to compel the Board of Supervisors of Polk County, Iowa, to order a refund of a certain portion of the taxes paid by plaintiff. The plaintiff claims that a part of the taxes paid by it for the years 1937 and 1938 were erroneously or illegally exacted or paid and that a refund should be made as contemplated by section 7235, 1939 Code of Iowa. The district court entered a judgment and decree granting the writ of mandamus as prayed for in plaintiff's petition. The defendants have appealed.

The factual situation may be briefly summarized as follows:

The Home Owners Loan Corporation paid the taxes on properties owned by them in Polk County for the years 1937 and 1938 upon the basis of the assessment valuation placed upon these properties by the assessor and as finally fixed by the local board of review for the 1937 assessment period. In making these payments the plaintiff caused the tax receipts and the treasurer's books to be stamped ''paid under protest.'' They did not, however, appeal to the local board of review and in turn to the district court, claiming that the assessed valuation of the properties owned by them was improper or excessive. It is the plaintiff's contention that it should have the benefit of the general reduction ordered by the state board of assessment and review, now the state tax commission, and affecting the 1937 assessment period in Des Moines. That board had ordered a general change of tax valuation for the 1937 taxing period, and in the main, a reduction of the tax valuations of properties generally. This general change in tax valuation, as ordered by the state board of assessment and review, was approved in our opinion in the case of State ex rel. Iowa State Board of Assessment and Review v. Local Board of Review, 225 Iowa 855, 283 N. W. 87. That case sets forth the facts that are of historical interest in connection with this opinion. By reason of the litigation that occasioned the appeal in the Local Board of Review case, supra, the right of the state board of assessment and review to make general changes in valuation was not settled until during the year 1939. It is the plaintiff's contention that the difference between the tax based upon the claimed illegal original valuation and the valuation that was finally decided upon, after the order of the state board of assessment and review was finally carried out, was

erroneously or illegally exacted or paid. It is asserted that the claimed excessive payment of taxes should be refunded to this plaintiff under the provisions of section 7235 of the Code.

■ The first claim of any wrongful valuation or illegal exaction of taxes was made when plaintiff filed a petition for refund of taxes with the board of supervisors, wherein it was claimed that the plaintiff should have the benefit of the general change in valuation as made by the state board of assessment and review in their general order affecting the 1937 assessment period.

The defendants plead several specific defenses that may be noted under two classifications. First, that the taxes were not illegally or erroneously exacted or paid, as contemplated by section 7235 of the Code, and second, that, if they were so illegally or erroneously exacted or paid, the appellee is still not entitled to the relief prayed for in its petition.

The statutory provision under which this action is brought is found in Code section 7235, 1939 Code of Iowa, which is as follows:

"7235 Refunding erroneous tax. The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon."

Our first consideration naturally must be as to whether or not the taxes paid on plaintiff's property were "erroneously or illegally exacted or paid."

As previously noted the plaintiff's action is based upon the reduction in valuation of plaintiff's properties as a result of the general order of the state board of assessment and review and which was confirmed and approved in the case of State v. Local Board of Review, supra. However, in the above cited case it should be kept in mind that the concluding paragraphs of that opinion, page 871 of 225 Iowa, page 94 of 283 N. W., are as follows:

"The order here made was not equivalent to a new or original assessment nor a revision of individual assessments, but dealt with the aggregate valuation in the several zones.

It conformed to and corrected the unequal discounts which it determined had resulted in discrimination and is the kind of an order which the state board of assessment and review has authority to make.'' (Citing cases.)

The case of Hammond v. Winder, 100 Ohio 433, 442, 126 N. E. 409, 412, 24 A. L. R. 318, 323, 324, is somewhat similar to the present one. In the Ohio case valuations were increased as a result of general orders of the tax commission of Ohio. It is there stated:

''The manifest purpose of the legislature was to confer upon the tax commission the duty of equalizing aggregate tax values of various classes of property in the manner stated. It has no power under those sections to make any order with respect to the particular property of any taxpayer in the district. Its authority and its action must be taken with respect to all the property of the particular class as units, and concerns the aggregate value of the property in the particular class dealt with.

''From what has been said it will be seen that the plan contemplates the tax commission as a directing and supervising authority, and that its orders are general, except in the cases of appeal specially provided for as heretofore set forth.''

Further in the same opinion, page 446 of 100 Ohio, page 413 of 126 N. E., the following statement is made:

''The taxpayer is afforded full opportunity for relief against improper valuations by appearing before the county board of revision in the exercise of its function of correcting tax valuations on complaint, on appeal to the tax commission under the provisions of section 5610, and by the action in common pleas court above referred to.''

It will be observed from our quoted portions from the case of State v. Local Board of Review, supra, and the case of Hammond v. Winder, supra, that changes in valuation as ordered by a state tax commission apply to the general mode and manner of assessment in the several districts and thus provide for an equalization as to districts. These general changes in

valuation as made by a tax commission do not make it possible for individual property owners to avoid the necessity of following the statutory procedure if they deem their property has been excessively valued.

The contention of the plaintiff that its payment of taxes was "erroneously or illegally exacted or paid" again presents to this court a question that has received our consideration on numerous occasions. It must be kept in mind that it is the plaintiff's contention that because the general order of reduction, as to the 1937 assessment period made by the state board of assessment and review, reduced property valuations in certain districts in Des Moines, in which its particular property was located, that it should have the benefit of this revaluation and lower assessment and that the taxes paid on the excess valuation should be refunded.

In regard to the provisions of the statute relative to the repayment of taxes claimed to be illegally or erroneously exacted or paid the following statement taken from 3 Cooley on Taxation, 4th Ed., section 1259, page 2502, is applicable:

"Some * * * statutory enactments contain provisions which call for the refunding of taxes in those cases in which taxes illegally assessed or paid under mistake of fact, or where there has been some clerical mistake in the assessment or collection of taxes. The term 'erroneously assessed,' as used in such a statute, means an assessment illegal because of a jurisdictional defect *and does not include a mere error of judgment in valuing the property.*" (Italics supplied.)

In the case of Stanley v. Supervisors of Albany, 121 U. S. 535, 549, 7 S. Ct. 1234, 1239, 30 L. Ed. 1000, 1003, we find the following statement:

" * * *. It is only where the assessment is wholly void, or void with respect to separable portions of the property, the amount collected on which is ascertainable, or where the assessment has been set aside as invalid, that an action at law will lie for the taxes paid, or for a portion thereof. Overvaluation of property is not a ground of action at law for the excess

of taxes paid beyond what should have been levied upon a just valuation. * * *.''

The case of Southern California Hardwood & Mfg. Co. v. Los Angeles County, 49 Cal. App. 712, 716, 194 P. 62, 64, deals with a situation where a question had arisen as to an apparent overvaluation because of a failure to take into consideration as a reduction certain debts of the plaintiff. It was there stated:

'' * * *. It is true, as found by the trial court, that the county assessor was mistaken in his conclusion as to the net amount of the plaintiff's properties subject to assessment and taxation; but it does not follow that merely by reason of said mistake the assessment and taxation of said property was erroneously made. The result of this mistake amounted merely to an overvaluation of the plaintiff's properties, or—which amounted to the same thing in effect—an undervaluation of the appellant's deductible debts; and we are cited to no case which goes to the extent of holding that an overvaluation of assessable properties on the part of the assessor is such an 'error' as would entitle the owner of such properties to the remedy provided in section 3804 of the Political Code; but, on the contrary, our attention has been called to a consistent line of decisions by the supreme court and district courts of appeal of this state, holding that the remedy of the property owner in the event of an overvaluation of his property by the assessor is by application to the board of supervisors of the county sitting as a board of equalization for a revaluation of his property.''

In the case of Clay County v. Brown Lumber Co., 90 Ark. 413, 420, 119 S. W. 251, 253, it is stated:

''It is urged by the appellee that an excessive valuation of property is an erroneous assessment thereof within the meaning of section 7180 of Kirby's Digest, so that a remedy is here given to one who has paid taxes under these circumstances, by having the taxes refunded. But we do not think that the term 'erroneously assessed,' as used in said section, refers to an overvaluation of the property. The term 'erroneous assessment,' as

there used, refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature, and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property. If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Digest, section 7180, give the owner a remedy for a refunding of such taxes thus erroneously paid. But a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property."

As further bearing upon what the courts have considered to be taxes "illegally or erroneously exacted or paid" see South Broadway Nat. Bank v. City and County of Denver, 10 Cir., Colo., 51 F. 2d 703, 708; In re Blatt, 41 N. M. 269, 67 P. 2d 293, 110 A. L. R. 656; Cedar Rapids Hotel Co. v. Stirm, 222 Iowa 206, 217, 268 N. W. 562.

We have recently passed upon a question similar to the one raised in this appeal in the case of Insurance Exchange Bldg. v. Board of Supervisors, 231 Iowa 133, 300 N. W. 717. In that case we referred to several citations which bear upon the issue that is now before us. In addition to those citations there are numerous other Iowa cases which hold that an excessive assessment valuation of property is not of such a nature that it can be held that the payment of taxes on these claimed excessive valuations is erroneous or illegal. See Dickey v. County of Polk, 58 Iowa 287. 290, 12 N. W. 290, 291; Harris v. Fremont County, 63 Iowa 639, 19 N. W. 826; Leonard v. Madison County, 64 Iowa 418, 20 N. W. 742; Van Wagenen v. Supervisors of Lyon County, 74 Iowa 716, 39 N. W. 105; Steele v. Madison County, 198 Iowa 902, 200 N. W. 330; Griswold L. & C. Co. v. Calhoun County, 198 Iowa 1240, 201 N. W. 11.

Because of the earnest contention of counsel for plaintiff that we were in error in our holding in the Insurance Exchange Building case, we have given careful consideration to the appeal herein presented. We are of the opinion that our conclusions

and holdings in this last referred to case are sound, that they are supported by our previous pronouncements, and by the holdings of recognized courts and that they should be followed in the present case.

By reason of our comments made and conclusions reached it is unnecessary to pass upon the second general proposition raised by the appellant.

We therefore hold that the trial court was in error in entering the decree that it did. Consequently this case is reversed and remanded for the entry of a decree in conformity with this opinion.—Reversed and remanded.

BLISS, C. J., and GARFIELD, HALE, STIGER, SAGER, and OLIVER, JJ., concur.

MILLER, J., dissents.

MILLER, J. (dissenting)—I am unable to concur with the opinion of the majority and respectfully dissent. It seems to me that the trial court correctly decided this case and that its decree should be affirmed.

I cannot reconcile the majority's interpretation of section 7235 of the Code, 1939, with the interpretation which we made of this statute in the case of Hewitt & Sons Co. v. Keller, 223 Iowa 1372, 1378, 275 N. W. 94. We there point out that a taxpayer has no right to recover taxes irregularly assessed but does have a right to recover taxes erroneously and illegally exacted even though the payment thereof was not made under protest. In support of this holding, we quote the interpretation this court made in the case of Slimmer v. Chickasaw County, 140 Iowa 448, 118 N. W. 779, 17 Ann. Cas. 1028, of section 1417 of the Code, 1897, and point out that this section is now section 7235 of the present Code. Some of the authorities relied upon in that case are referred to by the trial court herein.

In Hewitt & Sons Co. v. Keller, supra, we held that, where taxes were assessed in violation of the provisions of section 7164 of the Code, the taxes collected pursuant to such assessment were erroneously and illegally exacted and paid and that the excess could be recovered even though the taxes were not paid under protest. Here the basis upon which taxes were .assessed

and collected was found by this court to be excessive and an adjustment was ordered. The taxing authorities, however, have either ignored the judgment of this court or have deliberately refused to comply with its terms. It seems to me that under such circumstances the taxes exacted and paid were not merely irregular but were erroneous and illegal and that the taxpayer is entitled to a refund of the excess paid. The trial court's decree so determined. I think it was right.

It is suggested in the opinion of the majority that the taxpayer's remedy was to appeal to the board of review and secure a second adjudication there. The trial court determined this was unnecessary, stating in its ruling as follows, ''I am of the opinion that the proceedings before the State Board in which the entire assessment was contested were just as effective as a hearing before the Local Board would have been, and accomplished the same result as if plaintiff had followed the procedure suggested by plaintiff and had received the same reduction.'' It seems to me that this holding is sound. If the taxpayer had appealed to the board of review, the adjudication, to all practical intents and purposes, would be identical with that which was made by the judgment of this court. It is only necessary to have a matter adjudicated once. A second adjudication of the same issue would, in my opinion, be mere surplusage.

The opinion of the majority suggests that, if the taxpayer had appealed to the board of review and secured an adjudication of the same matter that was adjudicated by the judgment of this court and the board of review had ignored or refused to comply with such judgment, then we might hold that the taxes exacted and paid would be erroneous and illegal so that the remedy here sought might be available. It seems to me that the taxes exacted and paid are just as erroneous and just as illegal when the taxing body refuses to comply with the judgment of this court as would be the case if they had refused to comply with a subsequent judgment made in accordance with the judgment of this court.

There is also a practical side of the question. It is a matter of common knowledge that appeals by taxpayers in Polk County are very numerous. These appeals tend to postpone the collec-

tion of taxes and deprive the government of a part of its revenue. It seems to me that the evil of such litigation should be reduced, not aggravated. The effect of the opinion of the majority herein is to stimulate litigation in tax cases and postpone the collection of needed revenue for the maintenance of the government. I do not think that such a rule should be announced unless absolutely necessary. The rule applied by the trial court is much to be preferred from a practical standpoint and, since I think the decree is reasonable and just, I would affirm.