Rosamond J. ROSS; Frank Boyd; Robert H. Barker; Sycamore Investors, Inc., and Protein Blenders Inc., Plaintiffs-Appellees,

v.

CITY OF IOWA CITY, Iowa; Dan L. Hudson and Vanguard Appraisals, Inc., Defendants-Appellants.

No. 83–1104.

Court of Appeals of Iowa.

June 26, 1984.

Robert W. Jansen, City Atty., and David E. Brown, Asst. City Atty., for defendants-appellants city and Hudson.

Lew Eells of Eells, Blackstock, Affedlt & Harms, Cedar Rapids, for defendants-appellant Vanguard.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for plaintiffs-appellees.

Gerald A. Kuehn, Asst. Atty. Gen., for amicus curiae Iowa Department of Revenue and G.D. Bair.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Defendants appeal from an interlocutory order overruling their motions to dismiss an equitable action seeking a declaratory judgment that the assessments of all commercial and industrial property within the city are invalid. We reverse the action of the district court and dismiss plaintiffs' case.

Plaintiffs, individual owners of commercial and industrial property, filed a petition in equity seeking a declaratory judgment that the tax assessments of all such property within the city are invalid. The petition alleged that defendant Hudson had unlawfully delegated statutory duties to defendant Vanguard, and that Vanguard's appraisals, which formed the basis for the assessments at issue, were procedurally improper in that they did not comply with the provisions of Chapter 441 of the Iowa Code. The petition sought certification to represent the owners of the 1418 commercial and industrial properties appraised by Vanguard pursuant to the Uniform Class Action Rules of the Iowa Rules of Civil Procedure.

Defendants entered special appearances and alleged that the district court lacked subject matter jurisdiction due to plaintiffs' failure to exhaust administrative remedies by appealing their individual assessments to the board of review. The special appearances were overruled, and the court also overruled defendants' subsequent motions to dismiss, which were premised on the same jurisdictional issue. The supreme court granted defendants' joint application for permission to bring an interlocutory appeal.

## I.  Exhaustion of Administrative Remedies

As a general rule, the district court does not have original jurisdiction over assessment cases. *Economy Forms*

*Corp. v. Potts,* 259 N.W.2d 787, 788 (Iowa 1977). Absent an applicable exception, plaintiffs are required to exhaust the administrative remedies provided by Iowa Code section 441.37 (1983) before they may commence an action in the district court for relief from a tax assessment. The sole issue raised on appeal is whether plaintiffs' petition alleges facts sufficient to bring them within a recognized exception. We find that it does not.

The only exception recognized to the rule that all administrative remedies must be exhausted prior to seeking relief in the district court is stated in *Griswold Land & Credit Co. v. County of Calhoun,* 198 Iowa 1240, 1245, 201 N.W. 11, 13 (1924). *See City of Council Bluffs v. Pottawattamie City,* 254 N.W.2d 18, 21 (Iowa 1977).

> The rule to be deduced from the various provisions of the statute and the decisions of this court is that, unless the tax is illegal because levied without statutory authority, or levied upon property not subject to taxation, or by some officer or officers having no authority to levy the same, or is in some similar respect illegal, the exclusive remedy of the taxpayer is to complain to the board of review, and, in the event he is denied relief, then to appeal to the district court.

Plaintiffs asserted in their original petition that defendants failed to adhere to Iowa Code chapter 441. On appeal they argue that the assessment was therefore illegal and that the *Griswold* exception applies. We do not agree. It is well settled that the failure of taxing authorities to comply with statutory requirements is considered an "error" which makes their actions irregular, but not illegal. *Jewett Realty Co. v. Board of Sup'rs of Polk County,* 33 N.W.2d 377, 380 (Iowa 1948).

Iowa Code section 441.37(4) provides an administrative forum for protesting assessment errors such as those alleged in plaintiffs' petition. Plaintiffs did not exhaust this available remedy, and *Griswold* does not except them from their obligation to do so before seeking relief in the district court. The district court therefore does not have jurisdiction to hear plaintiffs' complaint, and defendants' motion to dismiss should have been granted.

REVERSED.