**Jean CAUDILL, Appellant,**

v.

**SHELBY COUNTY, Appellee.**

No. 93–976.

Court of Appeals of Iowa.

May 26, 1994.

Robert Kohorst of Kohorst Law Firm, Harlan, for appellant.

Lyle W. Ditmars and Matthew G. Woods of Peters Law Firm, P.C., Council Bluffs, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

DONIELSON, Chief Judge.

Plaintiff Jean Caudill and her husband built a connected residence and dental office on real estate in Shelby County in 1959. The County Assessor measured the building at 3468 square feet, including 616 square feet of office space, and assessed the property accordingly. The Caudills paid subsequent assessments on this basis.

In 1991, the Shelby County Assessor discovered the property was actually 2846 square feet. The previous assessor apparently included the office measurement twice in the calculations.

On September 23, 1992, Jean Caudill filed an action at law seeking reimbursement for past tax overpayments. Shelby County filed a motion for summary judgment contending Caudill failed to exhaust administrative remedies pursuant to Iowa Code section 441.37 (1991).

Caudill filed a resistance suggesting she had not waived a known right because she only recently learned of the assessor's error. She further argued that section 441.37 violates due process and equal protection in her case. Caudill also filed an amended petition maintaining the County, through the assessor, negligently misrepresented the assessment was correct, resulting in damages.

On March 16, 1993, the district court granted the County's motion for summary judgment on the original petition. Caudill filed a notice of appeal from this order. The County filed a motion to dismiss because the appeal was interlocutory.

The County also filed a motion for summary judgment on Caudill's amended petition again urging Caudill failed to exhaust administrative remedies. The County additionally claimed immunity under Iowa Code section 613A.4(2). The County asserted Caudill's action was barred by sections 613A.5 (now 670.5 (1993)) and 614.1(4).

On May 27, 1993, the district court granted the County's motion for summary judgment. On June 14, 1993, the supreme court dismissed Caudill's initial appeal. Caudill filed a second notice of appeal on June 23, 1993.

■ Appellant first asserts the district court erred in granting summary judgment. We review the grant of summary judgment for correction of errors of law. Iowa R.App.P. 4; *Bradley v. West Sioux Community Sch. Dist.*, 510 N.W.2d 881, 883 (Iowa 1994). "As a general rule, the district court does not have original jurisdiction over assessment cases." *Ross v. City of Iowa City*, 353 N.W.2d 887, 888 (Iowa App.1984) (citing *Economy Forms Corp. v. Potts*, 259 N.W.2d 787, 788 (Iowa 1977)). Iowa Code section 441.37 provides the exclusive remedy for property owners who are dissatisfied or want to protest the property tax assessment. Iowa Code §§ 441.37(1), (2); *Montgomery Ward Dev. Corp. v. Cedar Rapids Bd. of Review*, 488 N.W.2d 436, 442 (Iowa 1992). It is undisputed Caudill did not pursue any protest or claim with the appropriate board of review. The district court, lacking jurisdiction because appellant did not exhaust her administrative remedies, correctly granted summary judgment and dismissed Caudill's suit.

■ Caudill next asserts Iowa Code section 441.37 is unconstitutional as interpreted. She argues it denies her both equal protection and due process. We disagree. On the contrary, the statute clearly provides equal treatment of those similarly situated and sets forth what process is due. The statute does not become constitutionally infirm simply because appellant chose not to follow the exclusive process set forth. Nor do we conclude the district court was interpreting Iowa Code section 441.37 when it quoted from *Read v. Hamilton County*, 231 Iowa 1255, 1265, 3 N.W.2d 597, 602 (1942) (quoting *Griswold Land & Credit v. County of Calhoun*, 198 Iowa 1240, 1242, 201 N.W. 11, 12 (1924)). The district court simply stated what has been the law in Iowa since the nineteenth century—if a taxpayer does not complain about the tax assessment before the board, the right to complain later is waived. *Id.*

Caudill has failed to demonstrate Iowa Code section 441.37 is unconstitutional.

■ Finally, Caudill argues the district court erred in granting summary judgment because she claims a separate cause of action in tort. We determine Iowa Code section 670.4(2) (1993) controls this claim. This section excludes governmental subdivisions from tort liability for "[a]ny claim in connection with the assessment or collection of taxes." *Id.*

Having considered all the issues raised on appeal, and for the reasons stated, we affirm the decision of the district court in all respects.

AFFIRMED.